# Supreme Court of Florida

_____

No. SC14-227

_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.**

[November 6, 2014]

PER CURIAM.

The Appellate Court Rules Committee (Committee) has filed its regular-cycle report proposing amendments to the Florida Rules of Appellate Procedure. The regular-cycle report is submitted pursuant to Florida Rule of Judicial Administration 2.140(b). We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

Consistent with rule 2.140(b), the Committee published its initial proposals, received comments, and revised and republished some of the proposals before submitting them to the Court. As required by the rule, the proposed amendments were also submitted to the Board of Governors of The Florida Bar, which recommends adoption of the amendments. Following the filing of the Committee's report with this Court, the proposals were again published for

comment, and several comments were received. The Committee has responded to the comments. The Court held oral argument on the proposed amendments.

The Committee proposes amendments to the following rules: 9.020 (Definitions); 9.100 (Original Proceedings); 9.110 (Appeal Proceedings to Review Final Orders of Lower Tribunals and Orders Granting New Trial in Jury and Non-Jury Cases); 9.130 (Proceedings to Review Non-Final Orders and Specified Final Orders); 9.140 (Appeal Proceedings in Criminal Cases); 9.141 (Review Proceedings in Collateral or Post-Conviction Criminal Cases); 9.142 (Procedures for Review in Death Penalty Cases); 9.145 (Appeal Proceedings in Juvenile Delinquency Cases); 9.146 (Appeal Proceedings in Juvenile Dependency and Termination of Parental Rights Cases and Cases Involving Families and Children in Need of Services); 9.160 (Discretionary Proceedings to Review Decisions of County Courts); 9.180 (Appeal Proceedings to Review Workers' Compensation Cases); 9.190 (Judicial Review of Administrative Action); 9.200 (The Record); 9.210 (Briefs); 9.300 (Motions); 9.310 (Stay Pending Review); 9.320 (Oral Argument); 9.330 (Rehearing; Clarification; Certification); 9.331 (Determination of Causes in a District Court of Appeal En Banc); 9.340 (Mandate); 9.350 (Dismissal of Causes); 9.400 (Costs and Attorneys' Fees); 9.410 (Sanctions); 9.420 (Filing; Service of Copies; Computation of Time); 9.430 (Proceedings by Indigents); 9.600 (Jurisdiction of Lower Tribunal Pending Review); 9.720

- 2 -

(Mediation Procedures); 9.800 (Uniform Citation System); and 9.900 (Forms). The Committee also proposes the adoption of a new rule, rule 9.147 (Appeal Proceedings to Review Final Orders Dismissing Petitions for Judicial Waiver of Parental Notice of Termination of Pregnancy), the substance of which is not new but is being moved from rule 9.110(n) and adopted as a separate rule.

With respect to several of the rules, the Committee has submitted optional proposals as explained below. Having considered the Committee's report, the comments, and the Committee's responses to the comments, and having heard oral argument, we adopt the majority of the Committee's proposals and choose between its optional proposals as to one of the rules. With respect to one proposal, we decline to adopt the Committee's language but adopt a revised amendment instead. And finally, we decline to adopt one of the Committee's amendment proposals as explained below.

## AMENDMENTS

Florida Rules of Appellate Procedure 9.020(i), Rendition, and 9.110(*l*), Premature Appeals, are amended to clarify the relationship between the two rules. Rule 9.020(i) is amended to eliminate the language providing that postjudgment motions are abandoned upon the filing of a notice of appeal. The amended rule will allow an appeal to be held in abeyance until disposition of a postjudgment motion. Under rule 9.110(*l*), premature appeals are subject to dismissal. The

amendment adds language recognizing the exception provided in rule 9.020(i) and recognizing that the lower tribunal retains jurisdiction to render a final order. The amendment further provides that the court may allow the parties time to obtain a final order.

New rule 9.147 is not actually new. It is merely a readoption of existing rule 9.110, subdivision (n), as a separate rule. Subdivision (n) is accordingly deleted from rule 9.110.

Rule 9.100, Original Proceedings, governs the procedure applicable to original petitions. As it exists currently, subdivision (h) provides as follows:

> (h) Order to Show Cause. If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order directing the respondent to show cause within the time set by the court, why relief should not be granted. In prohibition proceedings such orders shall stay further proceedings in the lower tribunal.

The Committee proposes two optional amendments to this rule. The Committee's report states that its proposed changes are in response to a concern that "courts are avoiding the automatic stay [in prohibition cases] by requiring a response instead of issuing an order to show cause." Proposed option 1 would provide that the only way for a court to request a response to a writ petition is by issuing an order to show cause. The proposal would add the following sentence to subdivision (h): "The court shall request a response to a petition only through the issuance of an

order to show cause." Thus the court's discretion to request a response in a prohibition case without staying the proceedings in the lower tribunal would be eliminated. Proposed option 2 would recognize the court's discretion to choose either path, i.e., either issue an order to show cause and stay the proceedings below (in prohibition cases) or request a response, which would not stay the proceedings. Option 2 would make explicit that which up to now has been the unwritten but well understood effect of the language of subdivision (h).

In order to continue to allow courts the discretion to request a response to a petition for writ of prohibition without bringing the proceedings in the lower tribunal to a halt, we adopt option 2 as reflected in the appendix.

Rule 9.110(k) governs review of partial final judgments and in pertinent part provides that "partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case." The Committee proposes adding the following language to subdivision (k): "A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a claim that is completely unrelated to the claims that remain pending." We decline to adopt this proposed language and instead look to the case of <u>Mendez v. West Flagler Family Ass'n</u>, 303 So. 2d 1 (Fla. 1974), as a guide to better distinguish those partial final judgments that are immediately appealable from those that are not. Under <u>Mendez</u>, a partial final judgment is appealable if it

disposes of a "separate and distinct cause of action . . . which is not interdependent with other pleaded claims." Id. at 5. We revise the proposed amendment and adopt it as shown in the appendix.

Rule 9.310, Stay Pending Review, provides in subdivision (a) that, except as specified, "a party seeking to stay a final or non-final order pending review shall file a motion in the lower tribunal, which shall have continuing jurisdiction, in its discretion, to grant, modify, or deny such relief." The subdivision, as currently written, further provides: "A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both." Subdivision (b) of the rule provides in pertinent part:

> If the order is a judgment solely for the payment of money, a party may obtain a stay of execution pending review, without the necessity of a motion or order, by posting a good and sufficient bond equal to the principal amount of the judgment plus twice the statutory rate of interest on judgments on the total amount on which the party has an obligation to pay interest.

The Committee proposes two alternative amendments to subdivision (b). Proposed option 1 would provide that a party can only obtain a stay of a judgment that is "solely for the payment of money" by posting a "good and sufficient bond" in the amount of the principal plus twice the statutory rate of interest. Proposed option 2 would provide that if a party does not obtain an automatic stay of a money judgment, the court may, upon a showing of extraordinary circumstances, grant a stay which must be conditioned on posting bond, other conditions, or both. We

- 6 -

decline to adopt either of the Committee's alternative proposed amendments and choose instead to leave rule 9.310 as it is.

We amend rule 9.420, Filing; Service of Copies; Computation of Time, as proposed. As currently written, rule 9.420(a)(2), Inmate Filing, provides that a document filed by "a pro se inmate confined in an institution" is presumed to have been filed on the date the inmate certifies that he or she placed the document in the hands of an institution official for mailing. As amended the rule provides that when the institution has a system designed for legal mail that records the date a document is placed in the hands of an institution official for mailing and the inmate uses that system, then the date of filing will be presumed to be the date recorded by the institution's legal mail system. If the institution does not have a legal mail system that complies with the rule's requirements, then the current presumption based on the inmate's certificate of service is still applicable.

The rest of the amendments are, for the most part, either technical corrections, clarifications, or reorganizations, or are necessary to conform language to current terminology or amended provisions in other rules, and need not be discussed further. Except for the matters discussed above, the Court adopts the amendments as proposed. We hereby amend the Florida Rules of Appellate Procedure as shown in the appendix. New language is indicated by underlining; deleted language is shown using struck-through type. The Committee Notes are

not adopted as parts of these rules but reflect the views of the Committee only.

The amended rules shall take effect at 12:02 a.m. on January 1, 2015.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure Committee

Wendy S. Loquasto, Chair, Appellate Court Rules Committee, Fox & Loquasto P.A., Tallahassee, Florida, Eduardo I. Sanchez, Past Chair, Appellate Court Rules Committee, Miami, Florida, John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Beverly A. Pohl of Broad and Cassel, Fort Lauderdale, Florida, and Andrew McBride Stanton, Assistant Public Defender, Miami, Florida, and Joshua Ryan Heller, Assistant Attorney General, Tallahassee, Florida,

Responding with comments

**RULE 9.020.**            **DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a) – (h)**      **[No Change]**

**(i)      Rendition (of an Order).** An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 3.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(*l*), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491, the following exceptions apply:

(1)      If such a motion or motions have been filed, the final order shall not be deemed rendered ~~with respect to any claim between the movant and any party against whom relief is sought by the motion or motions~~ as to any existing party until the filing of a signed, written order disposing of ~~all~~ the last of such motions ~~between such parties~~.

(2)      [No Change]

(3)      If such a motion or motions have been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, ~~all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them. However, a pending motion to correct a sentence or order of probation or a motion to withdraw the plea after sentencing shall not be affected by the filing of a notice of appeal from a judgment of guilt. In such instance, the notice of appeal shall be treated as prematurely filed and~~ the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion.

**(j)      Rendition of an Appellate Order.** If any timely and authorized motion under rule 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either ~~abandoned~~withdrawn or resolved by the filing of a written order.

**(k)      Signed.** A signed document is one containing a signature as provided by Florida Rule of Judicial Administration 2.515(c).

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 9.100.              ORIGINAL PROCEEDINGS**

**(a)      [No Change]**

**(b)      Commencement; Parties.** The original jurisdiction of the court shall be invoked by filing a petition, accompanied by any filing fees prescribed by law, with the clerk of the court ~~deemed to have~~having jurisdiction. The parties to the proceeding shall be as follows:

          (1)      ~~If the original jurisdiction of the court is invoked to enforce a private right, the proceeding shall not be brought on the relation of the state.~~ If the petition seeks review of an order entered by a lower tribunal, all parties to the proceeding in the lower tribunal who are not named as petitioners shall be named as respondents.

          (2)      If the original jurisdiction of the court is invoked to enforce a private right, the proceedings shall not be brought on the relation of the state.

          (3)      The following officials shall not be named as respondents to a petition, but a copy of the petition shall be served on the official who issued the order that is the subject of the petition:

- 10 -

(A)     Judges of lower tribunals shall not be named as respondents to petitions for certiorari;

(B)     Individual members of agencies, boards, and commissions of local governments shall not be named as respondents to petitions for review of quasi-judicial action; and

(C)     Officers presiding over administrative proceedings, such as hearing officers and administrative law judges, shall not be named as respondents to petitions for review of non-final agency action.

**(c)** ~~Exceptions;~~ **Petitions for Certiorari; Review of Non-Final Agency Action; Review of Prisoner Disciplinary Action.** The following shall be filed within 30 days of rendition of the order to be reviewed:

(1) – (4)     [No Change]

~~Lower court judges shall not be named as respondents to petitions for certiorari; individual members of the agencies, boards, and commissions of local government shall not be named as respondents to petitions for review of final quasi-judicial action; and hearing officers shall not be named as respondents to petitions for review of non-final agency action. A copy of the petition shall be furnished to the person (or chairperson of a collegial administrative agency) issuing the order.~~

**(d)** ~~Exception;~~ **Orders Excluding or Granting Access to Press or Public.**

(1) – (3)     [No Change]

**(e)** ~~Exception;~~ **Petitions for Writs of Mandamus and Prohibition Directed to a Judge or Lower Tribunal.** When a petition for a writ of mandamus or prohibition seeks a writ directed to a judge or lower tribunal, the following procedures apply:

**(1) – (2)     [No Change]**

**(3)     Response.** Following the issuance of an order pursuant to subdivision (h), ~~T~~the responsibility ~~to~~for responding to ~~an order to show cause~~ petition is that of the litigant opposing the relief requested in the petition. Unless otherwise specifically ordered, the judge or lower tribunal has no obligation to file

- 11 -

a response. The judge or lower tribunal retains the discretion to file a separate response should the judge or lower tribunal choose to do so. The absence of a separate response by the judge or lower tribunal shall not be deemed to admit the allegations of the petition.

(f) – (g)       [No Change]

(h)       **Order to Show Cause.** If the petition demonstrates a preliminary basis for relief, a departure from the essential requirements of law that will cause material injury for which there is no adequate remedy by appeal, or that review of final administrative action would not provide an adequate remedy, the court may issue an order either directing the respondent to show cause, within the time set by the court, why relief should not be granted or directing the respondent to otherwise file, within the time set by the court, a response to the petition. In prohibition proceedings, the issuance of an such orders directing the respondent to show cause shall stay further proceedings in the lower tribunal.

(i) – (*l*)       [No Change]

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 9.110.**          **APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON– JURY CASES**

(a)       **[No Change]**

(b)       **Commencement.** Jurisdiction of the court under this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with

the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed, except as provided in rule 9.140(c)(3).

**(c) – (j)      [No Change]**

**(k)      Review of Partial Final Judgments.** Except as otherwise provided herein, partial final judgments are reviewable either on appeal from the partial final judgment or on appeal from the final judgment in the entire case. A partial final judgment, other than one that disposes of an entire case as to any party, is one that disposes of a separate and distinct cause of action that is not interdependent with other pleaded claims. If a partial final judgment totally disposes of an entire case as to any party, it must be appealed within 30 days of rendition.

**(*l*)      Premature Appeals.** Except as provided in rule 9.020(i), ~~I~~if a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order. Before dismissal, the court in its discretion may ~~permit the lower tribunal to render~~ grant the parties additional time to obtain a final order from the lower tribunal.

**(m)   [No Change]**

~~**(n)   Exception; Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy.** If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, the clerk of the lower tribunal shall prepare and electronically transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal. The district court of appeal shall render its decision on the appeal as expeditiously as possible and no later than 7 days from the transmittal of the record. Briefs or oral argument may be ordered at the discretion of the district court of appeal. The minor may move for leave to file a brief and may request oral argument. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file and provide the minor with a certified copy of the certificate. The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the dismissal of the petition be reversed on appeal, the clerk shall furnish~~

~~the petitioner with a certified copy of the decision or the clerk's certificate for delivery to the minor's physician. No filing fee shall be required for any part of an appeal of the dismissal of a petition for a waiver of parental notice of termination of pregnancy.~~

**Committee Notes**

**1977 – 2006 Amendments**      **[No Change]**

**2010 Note**      **[No Change]**

**2014 Amendments.** The amendment to subdivision (*l*) is intended to clarify that it is neither necessary nor appropriate to request a relinquishment of jurisdiction from the court to enable the lower tribunal to render a final order. Subdivision (n) has been moved to Rule 9.147.

**Court Commentary**

**[No Change]**

**RULE 9.130.**      **PROCEEDINGS TO REVIEW NON–FINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)**      **Applicability.**

(1) – (2)      [No Change]

(3)      Appeals to the district courts of appeal of non-final orders are limited to those that

(A) – (B)      [No Change]

(C)      determine

(i) – (ii)      [No Change]

(iii)      ~~the right to immediate monetary relief or child custody~~ in family law matters~~;~~:

a.     the right to immediate monetary relief;

b.     the rights or obligations of a party regarding child custody or time-sharing under a parenting plan; or

c.     that a marital agreement is invalid in its entirety;

(iv) – (v)     [No Change]

(vi)     ~~that a class should be certified~~whether to certify a class;

(vii) – (ix)   [No Change]

(D)    [No Change]

(4)     ~~Non- final o~~Orders ~~entered after final order on~~disposing of motions that suspend rendition are not reviewable separately from a review of the final order; provided that orders granting motions for new trial in jury and non-jury cases are reviewable by the method prescribed in rule 9.110. ~~Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule.~~

(5)     [No Change]

~~(6)     Orders that deny motions to certify a class may be reviewed by the method prescribed by this rule.~~

**(b)     Commencement.** ~~The j~~Jurisdiction of the court under~~to seek review of orders described in~~ subdivisions (a)(3)–(a)(~~6~~5) of this rule shall be invoked by filing a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.

**(c) – (e)     [No Change]**

**(f)     Stay of Proceedings.** In the absence of a stay, during the pendency of a review of a non-final order, the lower tribunal may proceed with all matters, including trial or final hearing~~;,~~ ~~provided~~except that the lower tribunal may not render a final order disposing of the cause pending such review absent leave of the court.

- 15 -

**(g)    Cross-Appeal.** An appellee may cross-appeal the order or orders designated by the appellant, to review any ruling described in subdivisions (a)(3)–(a)(5), by serving a notice within 10 days of service of the appellant's timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. A notice of cross-appeal, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the notice of appeal.

**(gh)Review on Full Appeal.** This rule shall not preclude initial review of a non-final order on appeal from the final order in the cause.

**(hi)    Scope of Review.** Multiple non-final orders that are listed in rule 9.130(a)(3) may be reviewed by a single notice if the notice is timely filed as to each such order.

## Committee Notes

**1977 – 2008 Amendments      [No Change]**

**2014 Amendment.** Subdivision (a)(4) has been amended to clarify that an order disposing of a motion that suspends rendition is reviewable, but only in conjunction with, and as a part of, the review of the final order. Additionally, the following sentence has been deleted from subdivision (a)(4): "Other non-final orders entered after final order on authorized motions are reviewable by the method prescribed by this rule." Its deletion clarifies that non-final orders entered after a final order are no more or less reviewable than the same type of order would be if issued before a final order. Non-final orders entered after a final order remain reviewable as part of a subsequent final order or as otherwise provided by statute or court rule. This amendment resolves conflict over the language being stricken and the different approaches to review during post-decretal proceedings that have resulted. *See, e.g., Tubero v. Ellis*, 469 So. 2d 206 (Fla. 4th DCA 1985) (Hurley, J., dissenting). This amendment also cures the mistaken reference in the original 1977 committee note to "orders granting motions to vacate default" as examples of non-final orders intended for review under the stricken sentence. An order vacating a default is generally not reviewable absent a final default judgment. *See, e.g., Howard v. McAuley*, 436 So. 2d 392 (Fla. 2d DCA 1983). Orders vacating final default judgments remain reviewable under rule 9.130(a)(5). Essentially, this amendment will delay some courts' review of some non-final orders entered after a final order until rendition of another, subsequent final order. But the amendment is not intended to alter the Court's ultimate authority to review any order.

**RULE 9.140.**      **APPEAL PROCEEDINGS IN CRIMINAL CASES**

    **(a) – (c)**    **[No Change]**

    **(d)    Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.**

        (1)    The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:

            (A) – (D)    [No Change]

            (E)    in publicly funded defense and state appeals, when the lower tribunal has entered an order appointing the office of the public defender for the local circuit, the district office of criminal conflict and civil regional counsel, or private counsel as provided by chapter 27, Florida Statutes, that office, or attorney shall remain counsel for the appeal until the record is electronically transmitted to the ~~appellate~~ court. In publicly funded state appeals, defense counsel shall additionally file with the ~~appellate~~ court a copy of the lower tribunal's order appointing the local public defender, the office of criminal conflict and civil regional counsel, or private counsel. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the ~~appellate~~ court, or defense counsel of record shall file a motion to withdraw in the ~~appellate~~ court, with service on the defendant, that states what the defendant's legal representation on appeal, if any, is expected to be. Documents filed in the ~~appellate~~ court shall be served on the attorney general (or state attorney in appeals to the circuit court).

        (2)    [No Change]

    **(e)    [No Change]**

    **(f)    Record.**

        **(1)    Service.** The clerk of the lower tribunal shall prepare and serve the record prescribed by rule 9.200 within 50 days of the filing of the notice of appeal. However, the clerk shall not serve the record until all proceedings

designated for transcription have been transcribed by the court reporter(s) and filed with the clerk. If the designated transcripts have not been filed by the date required for service of the record, the clerk shall file with the ~~appellate~~ court, and serve on all parties and any court reporter whose transcript has not been filed, a notice of inability to complete the record, listing the transcripts not yet received. In cases where the transcripts are filed after a notice from the clerk, the clerk shall prepare and file the record within 20 days of receipt of the transcripts. An order granting an extension to the court reporter to transcribe designated proceedings shall toll the time for the clerk to serve this notice or the record on appeal.

**(2) – (5)    [No Change]**

**(6)    Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).**

(A)    The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall electronically transmit the supplement to the ~~appellate~~ court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.

(B)    If any appellate counsel determines that a transcript of a proceeding relating to such a motion is required to review the sentencing issue, appellate counsel shall, within 5 days from the transmittal of the supplement described in subdivision (A), designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. A copy of the designation shall be filed with the ~~appellate~~ court. The procedure for this supplementation shall be in accordance with this subdivision, except that counsel is not required to file a revised statement of judicial acts to be reviewed, the approved court reporter or approved transcriptionist shall deliver the transcript within 15 days, and the clerk shall supplement the record with the transcript within 5 days of its receipt.

**(g) – (i)    [No Change]**

**Committee Notes**

**[No Change]**

- 18 -

RULE 9.141.                    REVIEW PROCEEDINGS IN COLLATERAL OR
                                        POST–CONVICTION CRIMINAL CASES

(a)    [No Change]

(b)    **Appeals from Post-Conviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.850, or 3.853.**

(1)    [No Change]

(2)    **Summary Grant or Denial of <u>All Claims Raised in a </u>Motion Without Evidentiary Hearing.**

(A)    <u>**Record.**</u> When a motion for post-conviction relief under rule 3.800(a), 3.801, 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall electronically transmit to the court, as the record, the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.

(B)    <u>**Index.**</u> Unless directed otherwise by the court, the clerk of the lower tribunal shall not index or paginate the record or send copies of the index or record to the parties.

(C)    ~~No briefs or oral argument shall be required, but any appellant's brief shall be filed within 15 days of the filing of the notice of appeal. The court may request a response from the appellee before ruling.~~<u>**Briefs or Responses.**</u>

(i)    <u>Briefs are not required, but the appellant may serve an initial brief within 30 days of filing the notice of appeal. The appellee need not file an answer brief unless directed by the court. The appellant may serve a reply brief as prescribed by rule 9.210.</u>

(ii)     The court may request a response from the appellee before ruling, regardless of whether the appellant filed an initial brief. The appellant may serve a reply within 20 days after service of the response. The response and reply shall not exceed the page limits set forth in rule 9.210 for answer briefs and reply briefs.

**(D)     Disposition.** On appeal from the denial of relief, unless the record shows conclusively that the appellant is entitled to no relief, the order shall be reversed and the cause remanded for an evidentiary hearing or other appropriate relief.

**(3)     Grant or Denial of Motion after an Evidentiary Hearing was Held on One or More Claims.**

**(A) – (C)     [No Change]**

**(c)     Petitions Seeking Belated Appeal or Belated Discretionary Review.**

**(1)     Applicability.** This subdivision governs petitions seeking belated appeals or belated discretionary review in an appellate court.

**(2)     [No Change]**

**(3)     Forum.** Petitions seeking belated review shall be filed in the appellate court to which the appeal or discretionary review should have been taken.

**(4) – (6)     [No Change]**

**(d)     Petitions Alleging Ineffective Assistance of Appellate Counsel.**

**(1) – (2)     [No Change]**

**(3)     Forum.** Petitions alleging ineffective assistance of appellate counsel shall be filed in the appellate court to which the appeal was taken.

**(4) – (6)     [No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.142.**       **PROCEDURES FOR REVIEW IN DEATH PENALTY CASES**

**(a) – (b)**     **[No Change]**

**(c)**    **Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

     **(1) – (9)**     **[No Change]**

     **(10)**   **Other Pleadings.** The parties shall not file any other pleadings, motions, replies, or miscellaneous ~~papers~~documents without leave of court.

     **(11)**   **[No Change]**

**(d)**    **Review of Dismissal of Post-Conviction Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases.**

     **(1)**    **[No Change]**

     **(2)**    **Procedure Following Rendition of Order of Dismissal and Discharge.**

       **(A)**   **Notice to ~~Court~~Lower Tribunal.** Within 10 days of the rendition of an order granting a prisoner's motion to discharge counsel and dismiss the motion for post-conviction relief, discharged counsel shall file with the clerk of the circuit court a notice seeking review in the supreme court.

       **(B) – (D)**     **[No Change]**

**Committee Notes**

**[No Change]**

**Criminal Court Steering Committee Note**

**[No Change]**

**RULE 9.145.**        **APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES**

(a) – (b)        **[No Change]**

(c)        **Appeals by the State.**

(1)        **Appeals Permitted.** The state may appeal an order

(A)        [No Change]

(B)        suppressing confessions, admissions, or evidence obtained by search ~~and/~~or seizure before the adjudicatory hearing;

(C) – (I)        [No Change]

(2)        **[No Change]**

(d) – (e)        **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.146.**        **APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES**

(a) – (b)        **[No Change]**

(c)        **Stay of Proceedings.**

(1)        **[No Change]**

(2)        **Termination of Parental Rights.** The taking of an appeal shall not operate as a stay in any case unless pursuant to an order of the court <u>or the lower tribunal</u>, except that a termination of parental rights order with placement of the child with a licensed child-placing agency or the Department of Children and

Familyies ~~Services~~ for subsequent adoption shall be suspended while the appeal is pending, but the child shall continue in custody under the order until the appeal is decided.

**(d)** **Retention of Jurisdiction.** Transmittal of the record to the ~~appellate~~ court does not remove the jurisdiction of the lower tribunal to conduct judicial reviews or other proceedings related to the health and welfare of the child pending appeal.

**(e)** **References to Child or Parents.** When the parent or child is a party to the appeal, the appeal shall be docketed and any ~~papers~~documents filed in the court shall be titled with the initials, but not the name, of the child or parent and the court case number. All references to the child or parent in briefs, other ~~papers~~documents, and the decision of the court shall be by initials.

**(f)** **[No Change]**

**(g)** **Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.**

**(1)** **[No Change]**

**(2)** **The Record.**

**(A) – (B)** **[No Change]**

**(C)** **Directions to the Clerk, Duties of the Clerk, Preparation and Transmittal of the Record.** The appellant shall file directions to the clerk with the notice of appeal. The clerk shall electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is electronically transmitted to the court, the clerk shall simultaneously electronically transmit the record to the Department of Children and Familyies ~~Services~~, the guardian ad litem, counsel appointed to represent any indigent parties, and shall simultaneously serve copies of the index to all non-indigent parties, and, upon their request, copies of the record or portions thereof. The clerk shall provide the record in paper form to all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration.

**(3) – (5)**     [No Change]

**(6)     Rehearing; Rehearing En Banc; Clarification; Certification; Issuance of Written Opinion.** Motions for rehearing, rehearing en banc, clarification, ~~and~~ certification, and issuance of a written opinion shall be in accordance with rules 9.330 and 9.331, except that no response to these motions is permitted unless ordered by the court.

**(7)**     [No Change]

**(h)**          [No Change]

**Committee Notes**

**[No Change]**


**RULE 9.147.**          **APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS DISMISSING PETITIONS FOR JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY**

**(a)     Applicability.** Appeal proceedings to review final orders dismissing a petition for judicial waiver of parental notice of the termination of a pregnancy shall be as in civil cases, except as modified by this rule.

**(b)     Fees.** No filing fee shall be required for any part of an appeal of the dismissal of a petition for a judicial waiver of parental notice of the termination of a pregnancy.

**(c)     Record.** If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice of the termination of a pregnancy, the clerk of the lower tribunal shall prepare and electronically transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal.

**(d)     Disposition of Appeal.** The court shall render its decision on the appeal as expeditiously as possible and no later than 7 days from the transmittal of the record. If no decision is rendered within that time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a

certificate to that effect in the file and provide the appellant, without charge, with a certified copy of the certificate.

**(e)     Briefs and Oral Argument.** Briefs, oral argument, or both may be ordered at the discretion of the court. The appellant may move for leave to file a brief and may request oral argument.

**(f)     Confidentiality of Proceedings.** The appeal and all proceedings therein shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court.

**(g)     Procedure Following Reversal.** If the dismissal of the petition is reversed on appeal, the clerk shall furnish the appellant, without charge, with either a certified copy of the decision or the clerk's certificate for delivery to the minor's physician.

**Committee Notes**

**2014 Amendment.** The previous version of this rule was found at rule 9.110(n).

**RULE 9.160.          DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS**

**(a) – (d)     [No Change]**

**(e)     Discretion.**

(1)     Any party may suggest that an order be certified to be of great public importance. However, the decision to certify shall be within the absolute discretion of the county court and may be made by the county court on its own motion.

(2)     [No Change]

**(f) – (j)     [No Change]**

**Committee Notes**

**[No Change]**

- 25 -

**RULE 9.180.** APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES

**(a)** **[No Change]**

**(b)** **Jurisdiction.**

**(1) – (2)** **[No Change]**

**(3)** **Commencement.** Jurisdiction of the court shall be invoked by filing a notice of appeal with the lower tribunal, ~~accompanied by the filing fee prescribed by law unless a verified petition for relief from payment of the fee has been filed with the lower tribunal~~ within 30 days of the date the <u>lower tribunal sends to the parties the </u>order to be reviewed ~~is mailed by the lower tribunal to the parties~~<u>either by mail or by electronic means approved by the deputy chief judge</u>, which date shall be the date of rendition. <u>The filing fee prescribed by law must be provided to the clerk or a verified petition for relief of payment of the fee must be filed with the notice of appeal.</u>

**(4)** **[No Change]**

**(c) – (d)** **[No Change]**

**(e)** **Intervention by Division of Workers' Compensation.**

**(1)** **[No Change]**

**(2)** **Supreme Court.** If review of an order of the court is sought in the supreme court, the division may intervene in accordance with these rules. The clerk of the supreme court shall provide a copy of the pertinent ~~papers~~<u>documents</u> to the division.

**(3)** **[No Change]**

**(f)** **Record Contents: Final Orders.**

**(1)** **Transcript, Order, and Other Documents.** The record shall contain the claim(s) or petition(s) for benefits, notice(s) of denial, pretrial stipulation, pretrial order, <u>trial memoranda, </u>depositions or exhibits admitted into evidence,<u> any motion for rehearing and response, order on motion for rehearing,</u> transcripts of any hearings before the lower tribunal and the order appealed. The

parties may designate other items for inclusion in or omission from the record in accordance with rule 9.200.

**(2) – (9)   [No Change]**

**(g)   Relief From Filing Fee and Costs: Indigency.**

**(1) – (2)   [No Change]**

**(3)   Costs of Preparation of Record.**

**(A) – (F)   [No Change]**

**(G)   Extension of Appeal Deadlines~~: Petition Granted~~.** If the petition to be relieved of the entire cost of the preparation of the record on appeal is granted, the 60-day period allowed under these rules for the preparation of the record shall begin to run from the date of the order granting the petition.~~(H) Extension of Appeal Deadlines: Petition Denied.~~ If the petition to be relieved of the cost of the record is denied or only granted in part, the petitioner shall deposit the estimated costs with the lower tribunal within 15 days from the date the order denying the petition is entered. The 60–day period allowed under these rules for the preparation of the record shall begin from the date the estimated cost is deposited with the lower tribunal. <u>If the petition to be relieved of the cost of the record is withdrawn before ruling, then the petitioner shall deposit the estimated costs with the lower tribunal at the time the petition is withdrawn and the 60-day period for preparation of the record shall begin to run from the date the petition is withdrawn.</u>

**(~~I~~<u>H</u>)   Payment of Cost for Preparation of Record by Administration Trust Fund.** If the petition to be relieved of costs is granted, the lower tribunal may order the Workers' Compensation Administration Trust Fund to pay the cost of the preparation of the record on appeal pending the final disposition of the appeal. The lower tribunal shall provide a copy of such order to all interested parties, including the division, general counsel of the Department of Financial Services, and the clerk of the court.

**(~~J~~<u>I</u>)   Reimbursement of Administration Trust Fund If Appeal Is Successful.** If the Administration Trust Fund has paid the costs of the preparation of the record and the appellant prevails at the conclusion of the appeal, the appellee shall reimburse the fund the costs paid within 30 days of the mandate issued by the court or supreme court under these rules.

**(h) – (i)** **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.190.** **JUDICIAL REVIEW OF ADMINISTRATIVE ACTION**

(a) **Applicability.** Judicial review of administrative action shall be ~~governed by the general rules of appellate procedure~~as in civil cases except as specifically modified ~~herein~~by this rule.

(b) **Commencement.**

(1) [No Change]

(2) Review of non-final agency action under the Administrative Procedure Act, including non-final action by an administrative law judge, and agency orders entered pursuant to section 120.60(6), Florida Statutes, shall be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).

(3) [No Change]

**(c) – (e)** **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.200.** **THE RECORD**

(a) **Contents.**

(1) – (3) [No Change]

(4)    The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of the lower tribunal of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.

(5)    [No Change]

**(b)    Transcript(s) of Proceedings.**

(1) – (2)    [No Change]

(3)    On service of a designation, the approved court reporter, civil court reporter, or approved transcriptionist shall acknowledge at the foot of the designation the fact that it has been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and shall serve the so-endorsed designation on the parties and file it with the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcriptionist shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).

(4)    [No Change]

**(c) – (g)            [No Change]**

**Committee Notes**

**1977 – 2006 Amendments        [No Change]**

**2014 Amendment.** The phrase "all exhibits that are not physical evidence" in subdivision (a)(1) is intended to encompass all exhibits that are capable of reproduction, including, but not limited to, documents, photographs, tapes, CDs,

DVDs, and similar reproducible material. Exhibits that are physical evidence include items that are not capable of reproduction, such as weapons, clothes, biological material, or any physical item that cannot be reproduced as a copy by the clerk's office.

**RULE 9.210.**                    **BRIEFS**

(a)    **Generally.** In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:

(1)    [No Change]

(2)    The lettering in briefs shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text in the body of the brief. Headings and subheadings shall be at least as large as the brief's text and may be single-spaced. Computer-generated briefs shall be filed in either Times New Roman 14–point font or Courier New 12–point font. All computer-generated briefs shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the brief complies with the font requirements of this rule. The certificate of compliance shall be contained in the brief immediately following the certificate of service.

(3)    Paper copies of briefs shall be securely bound in book form and fastened along the left side in a manner that will allow them to lie flat when opened or be securely stapled in the upper left corner. ~~Headings and subheadings shall be at least as large as the brief text and may be single spaced.~~

(4)    [No Change]

(5)    The initial and answer briefs shall not exceed 50 pages in length, provided that if a cross-appeal has been filed, the answer brief/initial brief on cross-appeal shall not exceed 85 pages. Reply briefs shall not exceed 15 pages in length; provided that if a cross-appeal has been filed, the reply brief shall not exceed 50 pages, not more than 15 of which shall be devoted to argument replying to the answer portion of the appellee/cross-appellant's brief. Cross-reply briefs

shall not exceed 15 pages. Briefs on jurisdiction shall not exceed 10 pages. The tables of contents and citations ~~of authorities~~, ~~and~~the certificates of service and compliance, and the signature block for the brief's author, shall be excluded from the computation. Longer briefs may be permitted by the court.

**(b)** **Contents of Initial Brief.** The initial brief shall contain the following, in order:

(1) A table of contents listing the sections of the brief, including headings and subheadings that identify the issues presented for review, with references to the pages on which each appears.

(2) – (4) [No Change]

(5) Argument with regard to each issue, with citation to appropriate authorities, and including the applicable appellate standard of review.

(6) [No Change]

(7) A certificate of service.

(8) A certificate of compliance for computer-generated briefs.

**(c)** **Contents of Answer Brief.** The answer brief shall be prepared in the same manner as the initial brief~~;~~, provided that the statement of the case and of the facts may be omitted, if the corresponding section of the initial brief is deemed satisfactory. If a cross-appeal has been filed, the answer brief shall include the issues in the cross-appeal that are presented for review, and argument in support of those issues.

**(d)** **Contents of Reply Brief.** The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief. A table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, a certificate of compliance shall be included in the same manner as in the initial brief.

**(e)** **Contents of Cross-Reply Brief.** The cross-reply brief is limited to rebuttal of argument of the cross-appellee. A table of contents, a table of citations, a certificate of service, and, for computer-generated briefs, a certificate of compliance shall be included in the same manner as in the initial brief.

**(f) – (g)**                    **[No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 9.300.**        **MOTIONS**

**(a)**    **[No Change]**

**(b)**    **Effect on Proceedings.** Except as prescribed by subdivision (d) of this rule, service of a motion shall toll the time schedule of any proceeding in the court until disposition of the motion. An order granting an extension of time for any act shall automatically extend the time for all other acts that bear a time relation to it. An order granting an extension of time for preparation of the record, or the index to the record, or for filing of the transcript of proceedings, shall extend automatically, for a like period, the time for service of ~~appellant's initial brief~~the next brief due in the proceedings. A conformed copy of an order extending time shall be transmitted forthwith to the clerk of the lower tribunal until the record has been transmitted to the court.

**(c)**    **[No Change]**

**(d)**    **Motions Not Tolling Time.**

(1) – (8)    [No Change]

(9)    Motions relating to sanctions, rule 9.410.

(9<u>10</u>) Motions relating to expediting the appeal.

(11)    Motions relating to appeal proceedings to review a final order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, rule 9.147.

(12)   Motions for mediation filed more than 30 days after the notice of appeal, rule 9.700(d).

(~~10~~13)All motions filed in the supreme court, unless accompanied by a separate request to toll time.

**Committee Notes**

**[No Change]**

**RULE 9.320.          ORAL ARGUMENT**

Oral argument may be permitted in any proceeding. A request for oral argument shall be in a separate document served by a party:

(a)      in appeals, not later than ~~the time~~10 days after the last brief ~~of that party~~ is due to be served;

(b)      in proceedings commenced by the filing of a petition, not later than 10 days after the reply is due to be served; and

(c)      in proceedings governed by rule 9.146, in accordance with rule 9.146(g)(5).

Each side will be allowed 20 minutes for oral argument, except in capital cases in which each side will be allowed 30 minutes. On its own motion or that of a party, the court may require, limit, expand, or dispense with oral argument.

**Committee Notes**

**[No Change]**

**RULE 9.330.          REHEARING; CLARIFICATION; CERTIFICATION**

**(a)      Time for Filing; Contents; Response.** A motion for rehearing, clarification, ~~or~~ certification, or issuance of a written opinion may be filed within 15 days of an order or within such other time set by the court. A motion for

rehearing shall state with particularity the points of law or fact that, in the opinion of the movant, the court has overlooked or misapprehended in its decision, and shall not present issues not previously raised in the proceeding. A motion for clarification shall state with particularity the points of law or fact in the court's decision that, in the opinion of the movant, are in need of clarification. A response may be served within 10 days of service of the motion. When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis for supreme court review, the ~~motion~~party may ~~include a~~ request that the court issue a written opinion. If such a request is made by an attorney, it shall include the following statement:

> I express a belief, based upon a reasoned and studied professional judgment, that a written opinion will provide a legitimate basis for supreme court review because (state with specificity the reasons why the supreme court would be likely to grant review if an opinion were written).

s/ _____

Attorney for _____

(Name of Party)

_____

_____

_____

(address, e-mail address, and phone number)

_____

(Florida Bar number)

**(b) – (d)**          **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.331.**          **DETERMINATION OF CAUSES IN A DISTRICT COURT OF APPEAL EN BANC**

**(a) – (c)**          **[No Change]**

**(d)   Rehearings En Banc.**

**(1)     Generally.** A rehearing en banc may be ordered by a district court of appeal on its own motion or on motion of a party. Within the time prescribed by rule 9.330, a party may move for an en banc rehearing solely on the grounds that the case or issue is of exceptional importance or that such consideration is necessary to maintain uniformity in the court's decisions. A motion based on any other ground shall be stricken. A response may be served within 10 days of service of the motion. A vote will not be taken on the motion unless requested by a judge on the panel that heard the proceeding, or by any judge in regular active service on the court. Judges who did not sit on the panel are under no obligation to consider the motion unless a vote is requested.

**(2)     Required Statement for Rehearing En Banc.** A rehearing en banc is an extraordinary proceeding. In every case the duty of counsel is discharged without filing a motion for rehearing en banc unless one of the grounds set forth in (1) is clearly met. If filed by an attorney, the motion shall contain either or both of the following statements:

> I express a belief, based on a reasoned and studied professional judgment, that the ~~panel decision~~case or issue is of exceptional importance.

Or

> I express a belief, based on a reasoned and studied professional judgment, that the panel decision is contrary to the following decision(s) of this court and that a consideration by the full court is necessary to maintain uniformity of decisions in this court (citing specifically the case or cases).

/s/ _____

_____
Attorney for _____
(name of party)

_____
——(address, e-mail address, and phone number)
Florida Bar No. _____

**(3)     [No Change]**

**Committee Notes**

**[No Change]**

**Court Commentary**

**[No Change]**

**RULE 9.340.**        **MANDATE**

**(a)**    **[No Change]**

**(b)**    **Extension of Time for Issuance of Mandate.** Unless otherwise provided by these rules, if a timely motion for rehearing, clarification, ~~or~~ certification, or issuance of a written opinion has been filed, the time for issuance of the mandate or other process shall be extended until 15 days after rendition of the order denying the motion, or, if granted, until 15 days after the cause has been fully determined.

**(c)**    **[No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.350.**        **DISMISSAL OF CAUSES**

**(a) – (c)**    **[No Change]**

**(d)**    **Automatic Stay.** The filing of a stipulation for dismissal or notice of dismissal automatically stays that portion of the proceedings for which a dismissal is being sought, pending further order of the court.

**Committee Notes**

**1977 Amendment**        **[No Change]**

**2014 Amendment.** The addition of subsection (d) clarifies that the filing of a stipulation or notice of dismissal does not itself dismiss the cause, while now providing for an automatic stay once a stipulation or notice is filed. The

amendment is intended to limit any further litigation regarding matters that are settled or may be voluntarily dismissed, until the court determines whether to recognize the dismissal.

**RULE 9.400.                    COSTS AND ATTORNEYS' FEES**

    **(a)    Costs.** Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include

        (1)    [No Change]

        (2)    charges for preparation of the record and any hearing or trial transcripts necessary to determine the proceeding;

        (3) – (4)    [No Change]

Costs shall be taxed by the lower tribunal on a motion served ~~within 30~~no later than 45 days after ~~issuance of the mandate~~rendition of the court's order. If an order is entered either staying the issuance of or recalling a mandate, the lower tribunal is prohibited from taking any further action on costs pending the issuance of a mandate or further order of the court.

    **(b)    Attorneys' Fees.** With the exception of motions filed pursuant to rule 9.410(b), a motion for attorneys' fees shall state the grounds on which recovery is sought and shall~~may~~ be served not later than:

        (1)    in appeals, the time for service of the reply brief ~~and shall state the grounds on which recovery is sought~~; or

        (2)    in original proceedings, the time for service of the petitioner's reply to the response to the petition.

The assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment.

    **(c)        [No Change]**

**Committee Notes**

**[No Change]**

- 37 -

**RULE 9.410.          SANCTIONS**

(a)     [No Change]

(b)     **Motion by a Party.**

(1)     [No Change]

(2)     **Proof of Service.** A motion seeking attorneys' fees as a sanction shall include an initial certificate of service, pursuant to rule 9.420(d) and subdivision (3) of this rule, and a certificate of filing, pursuant to subdivision (4) of this rule.

(3)     **Initial Service.** A copy of a motion for attorneys' fees as a sanction must initially be served only on the party against whom sanctions are sought. That motion shall be served no later than the time for serving any permitted response to a challenged paper or, if no response is permitted as of right, within 15 days after a challenged paper is served or a challenged claim, defense, contention, allegation, or denial is made at oral argument. A certificate of service that complies with rule 9.420(d) and that reflects service pursuant to this subdivision shall accompany the motion and shall be taken as prima facie proof of the date of service pursuant to this subdivision. ~~The~~A certificate of filing pursuant to subdivision (4) of this rule shall also accompany the motion, but should remain undated and unsigned at the time of the initial service pursuant to this subdivision.

(4)     **Filing and Final Service.** If the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected within 21 days after initial service of the motion under subdivision (3), the movant may file the motion for attorneys' fees as a sanction~~, as referenced in subdivision (3),~~ with the court (a) no later than the time for service of the reply brief, if applicable, or (b) no later than ~~30~~45 days after initial service of the motion, whichever is later.

The movant shall serve upon all parties ~~a copy of~~ the motion filed with the court. A certificate of ~~service of that copy~~filing which complies in substance with the form below, and which shall be dated and signed at the time of final service pursuant to this subdivision, shall be taken as prima facie proof of such final service.

I certify that on . . . . . (date) . . . . .,a copy of this previously served motion has been furnished to .....(court)..... by .....hand delivery/mail/other delivery

- 38 -

source..... and has been furnished to .....(name or names)..... by .....hand delivery/mail/other delivery source......

/s/ _____

Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...............

**(5)    [No Change]**

**Committee Notes**

**[No Change]**

**RULE 9.420.         FILING; SERVICE OF COPIES; COMPUTATION OF TIME**

**(a)    Filing.**

**(1) Generally.** Filing may be accomplished in a manner in conformity with the requirements of Florida Rule of Judicial Administration ~~2.516~~2.525.

**(2)    Inmate Filing.** ~~A document filed by a pro se inmate confined in an institution is timely filed if the inmate places the document in the hands of an institution official for mailing on or before the last day for filing. Such a document shall be presumed to be timely filed if it contains a certificate of service certifying that the inmate placed the document in the hands of an institution official for mailing on a particular date, and if the document would have been timely filed had it been received and file-stamped by the court on that date.~~The filing date of a document filed by a pro se inmate confined in an institution shall be presumed to be the date it is stamped for filing by the clerk of the court, except as follows:

        (A)    The document shall be presumed to be filed on the date the inmate places it in the hands of an institutional official for mailing if the institution has a system designed for legal mail, the inmate uses that system, and the institution's system records that date, or

- 39 -

(B)     The document shall be presumed to be filed on the date reflected on a certificate of service contained in the document if the certificate is in substantially the form prescribed by subdivision (d)(1) of this rule and either:

(i)     the institution does not have a system designed for legal mail; or

(ii)     the inmate used the institution's system designed for legal mail, if any, but the institution's system does not provide for a way to record the date the inmate places the document in the hands of an institutional official for mailing.

**(b)     Service.**

**(1)     By a Party or Amicus Curiae.** All ~~original papers~~documents shall be filed either before service or immediately thereafter. A copy of all documents filed under these rules shall, before filing or immediately thereafter, be served on each of the parties. The lower tribunal, before the record is transmitted, or the court, on motion, may limit the number of copies to be served.

**(2)     [No Change]**

**(c) – (e)     [No Change]**

**Committee Notes**

**1977 – 1980 Amendments     [No Change]**

**2014 Amendment.** Subdivision (a)(2) has been completely rewritten to conform this rule to *Thompson v. State*, 761 So. 2d 324 (Fla. 2000), and the federal mailbox rule adopted in *Haag v. State*, 591 So. 2d 614 (Fla. 1992). The amendment clarifies that an inmate is required to use the institutional system designed for legal mail, if there is one, in order to receive the benefits of the mailbox rule embodied in this subdivision. If the institution's legal mail system records the date the document is provided to institutional officials for mailing (e.g. Rule 33-210.102(8), Florida Administrative Code (2010)), that date is presumed to be the date of filing. If the institution's legal mail system does not record the date the document is provided to institutional officials—or if the institution does not have a system for legal mail at all—the date of filing is presumed to be the date reflected on the certificate of service contained in the document, if the certificate of service is in substantial conformity with subdivision (d)(1) of this rule. If the inmate does not

use the institution's legal mail system when one exists—or if the inmate does not include in the document a certificate of service when the institution does not have a legal mail system—the date the document is filed is presumed to be the date it is stamped for filing by the clerk of the court.

**Court Commentary**

**[No Change]**

**RULE 9.430.              PROCEEDINGS BY INDIGENTS**

**(a) – (b)      [No Change]**

**(c)     Incarcerated Parties.**

        **(1)     Presumptions.** In the absence of evidence to the contrary, ~~an appellate~~ court may, in its discretion, presume that

                **(A)     assertions in an application for determination of indigent status filed by an incarcerated party under this rule are true, and

                **(B)     in cases involving criminal or collateral criminal proceedings, an incarcerated party who has been declared indigent for purposes of proceedings in the lower tribunal remains indigent.

        **(2)     [No Change]**

    **(d)     Parties in Juvenile Dependency and Termination of Parental Rights Cases; Presumption.** In cases involving dependency or termination of parental rights, ~~an appellate~~ court may, in its discretion, presume that any party who has been declared indigent for purposes of proceedings by the lower tribunal remains indigent, in the absence of evidence to the contrary.

**Committee Notes**

**[No Change]**

**RULE 9.600.** **JURISDICTION OF LOWER TRIBUNAL PENDING REVIEW**

(a) **Concurrent Jurisdiction.** Only the court may grant an extension of time for any act required by these rules. Before the record is ~~transmitted~~docketed, the lower tribunal shall have concurrent jurisdiction with the court to render orders on any other procedural matter relating to the cause, subject to the control of the court, provided that clerical mistakes in judgments, decrees, or other parts of the record arising from oversight or omission may be corrected by the lower tribunal on its own initiative after notice or on motion of any party before the record is docketed in the court, and, thereafter with leave of the court.

(b) – (d) [No Change]

**Committee Notes**

[No Change]

**RULE 9.720.** **MEDIATION PROCEDURES**

(a) – (e) [No Change]

(f) **Party Representative Having Full Authority to Settle.** Except as provided in subdivision (a) as to public entities, a "party or its representative having full authority to settle" shall mean the final decision maker with respect to all issues presented by the case who has the legal capacity to execute a binding settlement agreement on behalf of the party. Nothing herein shall be deemed to require any party or party representative who appears at a mediation conference in compliance with this rule to enter into a settlement agreement.

(g) **Certificate of Authority.** Unless otherwise stipulated by the parties, each party, 10 days prior to appearing at a mediation conference, shall file with the court and serve upon all parties a written notice identifying the person or persons who will be attending the mediation conference as a party representative or as an insurance carrier representative, and confirming that those persons have the authority required by this rule.

**Committee Note**

**2014 Amendment.** The amendment adding subdivisions (f) and (g) is intended to make this rule consistent with the November 2011 amendments to Florida Rule of Civil Procedure 1.720.

**RULE 9.800.** **UNIFORM CITATION SYSTEM**

This rule applies to all legal documents, including court opinions. Except for citations to case reporters, all citation forms should be spelled out in full if used as an integral part of a sentence either in the text or in footnotes. Abbreviated forms as shown in this rule should be used if the citation is intended to stand alone either in the text or in footnotes.

**(a) – (b)** **[No Change]**

**(c)** **Florida Circuit Courts and County Courts.**

(1) – (2) [No Change]

(3) For opinions not published in Florida Supplement, cite to Florida Law Weekly Supplement: ~~*State v. Campeau*, 16 Fla. L. Weekly Supp. C65 (Fla. 9th Cir. Ct. Nov. 7, 1990)~~*State* v. *Ruoff*, 17 Fla. L. Weekly Supp. 619 (Fla. 17th Cir. Ct. Feb. 13, 2010). If not therein, cite to Florida Law Weekly: *State* v. *Cahill*, 16 Fla. L. Weekly C41 (Fla. 19th Cir. Ct. Mar. 5, 1991). If not therein, cite to the slip opinion: ~~*State v. Campeau*, No. 90–4363 (Fla. 9th Cir. Ct. Nov. 7, 1990)~~*Jones* v. *City of Ocoee*, No. CVAI-93-18 (Fla. 9th Cir. Ct. Dec. 9, 1996).

**(d) – (h)** **[No Change]**

**(i)** **Florida Rules.**

Fla. R. Civ. P. 1.180.

Fla. R. Civ. P. – S.V.P. 4.010.

Fla. R. Jud. Admin. 2.110.

Fla. R. Crim. P. 3.850.

Fla. R. Work. Comp. P. 4.113.

Fla. Prob. R. 5.120.

Fla. R. Traf. Ct. 6.165.

Fla. Sm. Cl. R. 7.070.

Fla. R. Juv. P. 8.070.

Fla. R. App. P. 9.100.

Fla. R. Med. 10.100.

Fla. R. Arb. 11.010.

Fla. Fam. L. R. P. 12.010.

Fla. Admin. Code R. 62D–2.014.

R. Regulating Fla. Bar 4–1.10.

Fla. Bar Found. By-Laws, art. 2.19(b).

Fla. Bar Found. Charter, art. III, § 3.4.

Fla. Bar Integr. R., art. XI, §11.09.

Fla. Jud. Qual. Comm'n R. 9.

Fla. Std. Jury Instr. (Civ.) 601.4.

Fla. Std. Jury Instr. (Crim.) 2.033.7.

Fla. Std. Jury Instr. (Crim.) Robbery.

Fla. Stds. Imposing Law. Sancs. 9.32(a).

Fla. Bar Admiss. R. 3-23.1.

**(j) – (p)      [No Change]**

**RULE 9.900.** **FORMS**

**(a)** **Notice of Appeal.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

|  |  |  |
|---|---|---|
| _____,) | | |
| Defendant/Appellant, | ) | |
| | ) | NOTICE OF APPEAL |
| v. | ) | |
| | ) | |
| _____,) | | |
| Plaintiff/Appellee. | ) | |
| _____ | ) | |

NOTICE IS GIVEN that ……………, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h̶i̲)] .....(date)..... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), and 9.160(c).] The nature of the order is a final order .....(state nature of the order)......

_____
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

**(b)     Notice of Cross-Appeal.**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)

Defendant/Appellant,                     )

Cross-Appellee,                               )

                                                          )     NOTICE OF CROSS-APPEAL

v.                                                        )

                                                          )

_____,)

Plaintiff/Appellee,                           )

Cross-Appellant.                             )

                                                          )

_____ )

NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(hi)] .....(date)..... The nature of the order is a final order .....(state nature of the order).....

_____

Attorney for .....(name of party).....

.....(address, e-mail address, and phone number).....

Florida Bar No. ....................

**(c)** **Notice of Appeal of Non-Final Order.**

**(1)** **Notice of Appeal of Non-Final Order**

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)

Defendant/Appellant, )

    )

    )  NOTICE OF APPEAL OF A NON-

v.     )  FINAL ORDER

    )

_____,)

Plaintiff/Appellee. )

    )

_____)

NOTICE IS GIVEN that _____, Defendant/Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(h̶i)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d), 9.130(c), and 9.160(c).] The nature of the order is a non-final order .....(state nature of the order)......

Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

## (2)    Notice of Cross-Appeal of Non-Final Order.

IN THE .....(NAME OF THE LOWER TRIBUNAL WHOSE ORDER IS TO BE REVIEWED).....

Case No.          .

_____,)

Defendant/Appellant        )

Cross-Appellee,         )

v._____)

                     )

_____,)

Plaintiff/Appellee/        )

Cross-Appellant.        )

                     )

NOTICE OF CROSS-APPEAL OF A NON-FINAL ORDER

        NOTICE IS GIVEN that _____, Plaintiff/Cross-Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this court rendered [see rule 9.020(i)] .....(date)...... The nature of the order is a non-final order .....(state nature of the order)......

_____

Attorney for .....(name of party).....

.....(address, e-mail address, and phone number).....

Florida Bar No. ....................

- 48 -

**(d)  Notice to Invoke Discretionary Jurisdiction of Supreme Court.**

IN THE DISTRICT COURT OF
APPEAL OF FLORIDA,
_____ DISTRICT
Case No. _____

_____,)

Defendant/Petitioner,   )

   )   NOTICE TO INVOKE

v.   )   DISCRETIONARY JURISDICTION

   )

_____,)

Plaintiff/Respondent.   )

   )

_____)

NOTICE IS GIVEN that _____, Defendant/Petitioner, invokes the discretionary jurisdiction of the supreme court to review the decision of this court rendered [see rule 9.020(h̶j̶)] .....(date)...... The decision .....(state why the decision is within the supreme court's jurisdiction)......[1]

Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ...................

1. The choices are:
a. expressly declares valid a state statute.
b. expressly construes a provision of the state or federal constitution.
c. expressly affects a class of constitutional or state officers.
d. expressly and directly conflicts with a decision of another district court of appeal or of the supreme court on the same question of law.
e. passes on a question certified to be of great public importance.
f. is certified to be in direct conflict with decisions of other district courts of appeal.

See rule 9.030(a)(2)(A).

**(e)     Notice of Administrative Appeal.**

IN THE .....(NAME OF AGENCY, OFFICER, BOARD, COMMISSION, OR BODY WHOSE ORDER IS TO BE REVIEWED).....

Case No. _____

_____,)

Defendant\*/Appellant,                   )

                                 )     NOTICE OF ADMINISTRATIVE

v.                                              )     APPEAL

                                 )

_____,)

Plaintiff\*/Appellee.                     )

                                 )

NOTICE IS GIVEN that _____, Appellant, appeals to the .....(name of court that has appellate jurisdiction)....., the order of this .....(name of agency, officer, board, commission, or body whose order is to be reviewed)..... rendered [see rule 9.020(h̶i)] .....(date)...... [Conformed copies of orders designated in the notice of appeal shall be attached in accordance with rules 9.110(d) and 9.130(c).] The nature of the order is .....(state nature of the order)......

                                                                                     
Attorney for .....(name of party).....
.....(address, e-mail address, and phone number).....
Florida Bar No. ....................

\*or other appropriate designation.

**(f)    Notice of Appeal of an Order Dismissing a Petition for a Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor.**

IN THE CIRCUIT COURT FOR THE ___ JUDICIAL CIRCUIT (NUMERICAL DESIGNATION OF THE CIRCUIT) IN AND FOR_____ COUNTY, FLORIDA

Case No._____

In re: Petition for a Judicial          )
Waiver of Parental Notice of            )
Termination of Pregnancy.               )
                                        )
                                        )
                                        )
_____)
(Your pseudonym or initials)            )
                                        )
Appellant.                              )
_____)

NOTICE IS GIVEN that _____ (your pseudonym or initials), appeals to the _____ (District Court with appellate jurisdiction), the order of this court rendered _____(enter the date that the order was filed on the clerk's docket) [See rule 9.020(hi)]. The nature of the order is a final order dismissing a petition for a judicial waiver of parental notice of termination of pregnancy.

Signature: _____
(As signed on your petition for judicial waiver if you are representing yourself)
Date:_____
                OR
Attorney for _____
(pseudonym or initials of appellant)
(address, e-mail address, and phone number of attorney)
Florida Bar No. _____

## ADVISORY NOTICE TO THE MINOR
### YOU ARE NOTIFIED AS FOLLOWS:

1.      You are entitled to appeal the order dismissing your petition for a judicial waiver of parental notice of termination of pregnancy. You do not have to pay a filing fee for the appeal.

2.      If you wish to appeal, you must file a notice of appeal. A form for the notice of appeal (Fla. R. App. P. 9.900(f)) will be provided to you with the order dismissing your petition. You must fill in every blank on the form with the information requested. If you need assistance with the form, the clerk of the circuit court will help you complete it.

3.      You must file the notice of appeal with the clerk of the circuit court where your case was heard. The notice of appeal must be filed within thirty (30) days of the date when the judge's written order dismissing your petition was filed with the clerk of the circuit court. If you do not file your notice of appeal within this time period your appeal will not be heard.

4.      The notice of appeal is the only document you need to file in connection with your appeal. You may file a motion to seek permission to file a brief in your case, or to request oral argument of your case. These motions or any other motions or documents you file concerning your appeal, except the notice of appeal, must be mailed or delivered to the appellate court for filing. The appellate court that will be reviewing your case is:

The _____ District Court of Appeal

_____

(address of the District Court)

Telephone number:_____

(Note: The clerk of the circuit court will fill in the blanks above with the appropriate court information).

5.      You may request a lawyer to represent you in your appeal. You must tell the judge who heard your petition for a judicial waiver of parental notification of termination of pregnancy that you wish to have a lawyer appointed.

(g) – (j)                      **[No Change]**

**Committee Notes**

**[No Change]**