MONACO, J.
Although the appellants raise a number of matters for our consideration, we conclude that the trial court committed no error and affirm. We write to address one issue, however, concerning whether an amendment to rule 1.442, Florida Rules of Civil Procedure, applies in an on-going case where the acceptance period of a proposal for settlement has expired on the effective date of the amendment. We agree with the trial judge that it does not.
The appellants, Wendy Betts and John Cardegna, filed a class action complaint against the appellees, Ace Cash Express, Inc., Check Express, Inc., and other “Unknown Defendants,” basically asserting that certain transactions involving Ace violated Florida’s usury laws as well as section 560.309(4)(c), Florida Statutes. It appears that Ace Cash Express, Inc., and Check Express, Inc., are different iterations of the same corporate body. On August 7, 2000, Ace served separate proposals for settlement on Ms. Betts and Mr. Cardegna pursuant to rule 1.442 and section 768.79, Florida Statutes. Ace proposed to pay each appellant, a total of $5,000.00 for the purpose of settling all claims in the action. The proposal was to remain in force for 30 days from the date it was served and required written acceptance within 30 days from service. Neither appellant accepted. At the time of the service of the proposals for settlement the trial court had not been requested to determine, and had not determined whether a class action could be maintained by the appellants in accordance with Florida Rule of Civil Procedure 1.220(d).
An amendment to rule 1.442, which governs proposals for settlement, and which bore an effective date of January 1, 2001, was- adopted by the Supreme Court. Newly added subdivision (f)(2) provided that, “In any case in which the existence of a class is alleged, the time for acceptance of a proposal for settlement is extended to 30 days after the date the order granting or denying certification is filed.” The effective date of the amendment was subse *1254 quent to the rejection of the proposals for settlement.
On June 6, 2001, the trial court dismissed the complaint, as amended, of both Wendy Betts and John Cardegna with prejudice without ever being asked to decide the specific issue of whether to grant or deny class action certification.[1] When the court found that the transactions entered into between the plaintiffs and defendants were legally permitted under Florida law, it had no need to delve further into certification. On June 26, 2001, defendant served a motion for attorney’s fees pursuant to the offer of settlement, asserting that Ace was the prevailing party in the action, and that Ms. Betts and Mr. Cardegna failed to accept the offer of settlement within the time allowed. The appellants responded by filing a motion to strike the motion for attorney’s fees, claiming that because the suit was brought as a class action, and because no order granting or denying class certification was filed before the complaint was dismissed with prejudice, Ace was not entitled to fees. Thus, the appellants sought the benefit of rule 1.442(f)(2), Florida Rules of Civil Procedure, even though its effective date was several months after the expiration of the proposal for settlement.
At the conclusion of an evidentiary hearing concerning entitlement to attorneys’ fees the trial court granted the motion for fees, finding that the proposals were made in good faith, and that Ace was entitled to recover attorney’s fees against both Ms. Betts and Mr. Cardegna pursuant to the proposals for settlement.[2] Following a second hearing, the court entered a final judgment of $63,483 against the appellants. The amount of the fees is conceded by the appellants to be reasonable. The appellants contest only entitlement.
Ms. Betts and Mr. Cardegna argue that as the amendment to rule 1.442,[3] became effective during the pendency of their action in the circuit court, they should be given the benefit of its extension of the time for acceptance of offers of judgment, even though the time for acceptance of the offers submitted to them had expired before the effective date of the amendment. Their theory appears to be that because their causes of action had not been finally dismissed at the time of the effective date of the rule change, and because the rule change is remedial in nature, it is applicable to their case.
In a somewhat analogous circumstance, however, the Supreme Court in Mendez-Perez v. Perez-Perez, 656 So.2d 458, 460 (Fla.1995), held that an amendment to rule 1.540(b), Florida Rules of Civil Procedure, was not retroactive, because rules of procedure “are prospective unless specifically provided otherwise.” See also Pearlstein v. King, 610 So.2d 445, 446 (Fla.1992). It noted that the plain language of the amendment setting a specific date for applicability was controlling. Similarly, in Natkow v. Natkow, 696 So.2d 315 (Fla.1997), the high court reiterated that rules of procedure are prospective unless specifically provided otherwise, and that when it chooses to apply a rule to pending cases, it clearly indicates that intention. See, e.g., In re Amendments to Fla. Rules of Civil Procedure, 131 So.2d 475, 476 (Fla.1961).
The language used by the Court in adopting the 2001 amendment to 1.442 was *1255 to establish a particular application date. The Court said plainly that “The rules shall become effective on January 1, 2001, at 12:01 a.m.” See Amendments To The Fla. Rules of Civil Procedure, 773 So.2d 1098, 1099 (Fla.2000). There is no indication that the Court intended the rule amendments to apply otherwise.
At the time that the proposals for settlement were made and rejected, therefore, the rule amendment was not applicable. Accordingly, we conclude that the trial court was correct in declining to apply the amendment to this case.
AFFIRMED.
THOMPSON and PALMER, JJ., concur.

.The appellants unsuccessfully appealed the substantive issues raised by the dismissal with prejudice of their third amended complaint to this court. See Betts v. Ace Cash Express, Inc., 827 So.2d 294 (Fla. 5th DCA 2002).

. The trial judge cited Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141 (Fla. 3d DCA 1998), as authority.

. Amendments to the Fla. Rules of Civil Procedure, 773 So.2d 1098, 1119 (Fla.2000).