970 So.2d 493 (2007)
Adrian JOHNSON, Appellant,
v.
PRECISION MOTORCARS, INC., a Florida corporation, and Mercedes-Benz USA, LLC, a Delaware corporation authorized to do business in Florida, Appellees.
No. 2D06-3664.
District Court of Appeal of Florida, Second District.
December 19, 2007.
Jeffrey A. Blau, Tampa, for Appellant.
Robert L. Blank and Michael L. Forte of Rumberger, Kirk & Caldwell, P.A., Tampa, for Appellees.
KHOUZAM, NELLY N., Associate Judge.
Adrian Johnson challenges the trial court's award of attorneys' fees and costs to Precision Motorcars, Inc., and Mercedes-Benz USA, LLC. Because the trial court erred as a matter of law in relying on the 2006 Guidelines for Taxation of Costs ("Guidelines"), we reverse and remand for further proceedings.
Johnson sued Precision, Mercedes, and others in 2003 for injuries he received when someone shot him during an attempted carjacking of his Mercedes-Benz automobile. The trial court granted summary final judgment in favor of Precision and Mercedes on June 28, 2005. Johnson appealed, but the appeal was dismissed in 2006. See Johnson v. Precision Motorcars, Inc., 928 So.2d 347 (Fla. 2d DCA 2006).
*494 The trial court entered its final cost judgment on July 7, 2006. In calculating the recoverable costs, the trial court relied on the 2006 Guidelines. Johnson alleges that he was charged certain costs for depositions which would not have been allowable under the 1981 Guidelines.
The only issue on appeal is whether the trial court was authorized to rely upon the 2006 Guidelines or whether it was required as a matter of law to use the 1981 Guidelines. We begin by noting that the supreme court established the effective date of the revised 2006 Guidelines as January 1, 2006. In re Amendments to Uniform Guidelines for Taxation of Costs, 915 So.2d 612, 615 (Fla.2005). In this case, the summary final judgment was entered approximately six months before the effective date of the new guidelines. The appellees' entitlement to costs arose with the entry of this judgment. Thus, all costs, whether taxable or otherwise, had been incurred well prior to the effective date of the new guidelines. Indeed, all costs had been incurred prior to the supreme court's opinion that approved these new guidelines on November 17, 2005.
Thus, the dispositive question is whether the trial court could apply the 2006 Guidelines retroactively to a judgment entered prior to the effective date of the new guidelines. In Mendez-Perez v. Perez-Perez, 656 So.2d 458, 460 (Fla.1995), the supreme court held that Florida Rules of Procedure "are prospective unless specifically provided otherwise." Because nothing in the supreme court's decision adopting the new guidelines indicates that the supreme court intended that the new guidelines be imposed retroactively, we conclude that the trial court erred as a matter of law in doing so in this case.
Accordingly, we reverse the trial court's final cost judgment and remand for the trial court to apply the 1981 Guidelines in awarding costs.
Reversed and remanded.
ALTENBERND and CASANUEVA, JJ., Concur.