ORFINGER, J.
 

 James A. Mix, individually and as personal representative of the Estate of Arlene Mendez Mix (“Mix”), appeals an order of the trial court awarding attorney’s fees to Adventist Health System/Sunbelt, Inc. d/b/a Florida Hospital Orlando (“Florida Hospital”) under section 768.79, Florida
 
 *291
 
 Statutes (2005). Florida Hospital cross-appeals, arguing that it is entitled to an equitable lien on the funds Mix recovered from other defendants in order to secure the payment of the attorney’s fees and costs it was awarded. Because we find Florida Hospital’s proposals for settlement failed to “state with particularity all [relevant] nonmonetary terms” as required by Florida Rule of Civil Procedure 1.442, and thus were ambiguous, we reverse the final judgment awarding attorney’s fees to Florida Hospital. We affirm as to the issues raised in Florida Hospital’s cross-appeal, to the extent those issues are not rendered moot by this decision.
 

 James and Arlene Mix filed a medical malpractice lawsuit against several healthcare providers, including Florida Hospital.
 
 [1]
 
 During the course of the litigation, Florida Hospital submitted separate proposals for settlement to Mr. and Mrs. Mix who rejected them. After Florida Hospital prevailed at trial, it timely moved for an award of costs and attorney’s fees, the latter being predicated on its rejected proposals for settlement.
 
 [2]
 
 Florida Hospital’s proposals for settlement, provided:
 

 PROPOSAL FOR SETTLEMENT
 

 COMES NOW the Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a FLORIDA HOSPITAL ORLANDO, by and through its undersigned attorney and pursuant to Fla. R. Civ. Pro., 1.442 and § 768.79, Florida Statutes, hereby make(s) this Proposal for Settlement to Plaintiff, ARLENE MENDEZ MIX [or JAMES A. MIX], in the total amount of Five Hundred and 00/100 ($500.00). This Proposal for Settlement is made to ARLENE MENDEZ MIX [JAMES A. MIX] to settle any and all claims of any type whatsoever, made or which could have been made against Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a FLORIDA HOSPITAL ORLANDO, in the above-referenced action. This Proposal for Settlement includes all pre and post settlement, interest, fees and costs incurred or to be incurred by Plaintiff. Plaintiff is to satisfy any liens or claims for medical or disability payments which are reimbursable. Attorney’s fees are not part of Plaintiffs legal claim. The non-monetary terms of this Proposal for Settlement are execution by Plaintiff, ARLENE MENDEZ MIX [JAMES A. MIX], in favor of Defendant, ADVENTIST HEALTH SYSTEM/SUNBELT, INC. d/b/a FLORIDA HOSPITAL ORLANDO, all of the following settlement documentation, to be prepared by counsel for Defendant:
 

 1. Release of All Claims as to the Defendant making this Proposal
 

 2. Joint Stipulation for Dismissal with Prejudice of this Defendant
 

 This proposal is being made by this Defendant in good faith, at least 90 days after the commencement and service of this action and at least 45 days before the commencement of the docket on which this action is set for trial.
 

 Mix argues that the proposals for settlement were ambiguous because Florida Hospital did not include a summary of the proposed release or attach the actual release to the proposal offers, thus failing to satisfy the particularity requirement out
 
 *292
 
 lined in
 
 State Farm Mutual Automobile Insurance Co. v. Nichols,
 
 932 So.2d 1067 (Fla.2006).
 

 Section 768.79 authorizes the parties to any civil action for damages to make an offer of judgment or demand for judgment, and governs the procedures whereby attorney’s fees may be awarded to the successful offering or demanding party. The statute is implemented by Florida Rule of Civil Procedure 1.442.
 
 See Campbell v. Goldman,
 
 959 So.2d 223 (Fla.2007);
 
 Willis Shaw Express, Inc. v. Hilyer Sod, Inc.,
 
 849 So.2d 276 (Fla.2003).
 

 We review a trial court’s ruling on a motion to award attorney’s fees and costs pursuant to the offer of judgment statute de novo.
 
 See Sparklin v. S. Indus. Assocs.,
 
 960 So.2d 895, 897 (Fla. 5th DCA 2007). Rule 1.442 requires that a settlement proposal name the party making the proposal and the party to whom the proposal is being made; that it identify the claims that the proposal is attempting to resolve; and that it state with particularity any relevant conditions and all nonmone-tary terms. Fla. R. Civ. P. 1.442(c)(2)(A)-(D). The rule “requires that the settlement proposal be sufficiently clear and definite to allow the offeree to make an informed decision without needing clarification.”
 
 Nichols,
 
 932 So.2d at 1079. “A proposal for settlement is intended to end judicial labor, not create more.”
 
 Id.
 
 at 1078 (quoting
 
 Nichols v. State Farm Mut.,
 
 851 So.2d 742, 746 (Fla. 5th DCA 2003)). A proposal does not satisfy the “particularity” requirement if an ambiguity within the proposal could reasonably affect the offer-ee’s decision.
 
 Id.
 
 at 1079. Because the offer of judgment statute and related rule must be strictly construed, an ambiguous proposal is not enforceable.
 
 Stasio v. McManaway,
 
 936 So.2d 676, 678 (Fla. 5th DCA 2006);
 
 Hibbard ex rel.
 
 Carr
 
 v. McGraw,
 
 918 So.2d 967, 971 (Fla. 5th DCA 2005). For the purpose of construing the particularity requirement of rule 1.442, an ambiguity is defined as “the condition of admitting more than one meaning.”
 
 Saenz v. Campos,
 
 967 So.2d 1114, 1117 (Fla. 4th DCA 2007) (citation omitted).
 

 Florida Hospital’s proposals for settlement provided, among other things, that Mr. and Mrs. Mix would be required to execute releases to be prepared by its attorneys. The proposed releases were not attached to the proposals for settlement nor was a summary of the contents of the releases included. A proposal for settlement can contain either the proposed release or a summary of the terms of the proposed release, provided that the summary eliminates any reasonable ambiguity about its scope.
 
 Nichols,
 
 932 So.2d at 1079. The proposals in this case did neither. Indeed, at oral argument, Florida Hospital’s attorneys candidly admitted that at the time Florida Hospital submitted the proposals for settlement to the Mixes, it utilized a release that ran four pages long. We can only speculate about what the four-page release would contain and what it would have achieved that dismissing Florida Hospital with prejudice would not have accomplished.
 

 For these reasons, we conclude that Florida Hospital’s proposals were ambiguous and unenforceable. As a result, the final judgment awarding attorney’s fees is reversed. The award of costs is affirmed.
 

 AFFIRMED in part; REVERSED in part.
 

 TORPY and JACOBUS, JJ„ concur.
 

 [1]
 

 . Originally, James and Arlene Mix brought a claim for medical negligence against the multiple defendants. However, at the time of trial, Arlene Mix had passed away, and James Mix as personal representative for the estate of Arlene Mix was substituted as plaintiff for Arlene Mix.
 

 [2]
 

 . Florida Hospital was awarded $29,499.89 for costs and $203,575.50 for attorney's fees.