WALLIS, J.
Janice E. Wallen, as personal representative of the estate of decedent John Lundgren, appeals the trial court’s order striking her proposal for settlement (“Proposal”) as overly broad, vague, and ambiguous. Wallen asserts that the contested clause — that Wallen was “willing to consider any suggested changes to the release” of liability — did not render the Proposal unenforceable. We agree, vacate the order striking the Proposal, and remand for further proceedings.
The instant case arose from a September 20, 2010 automobile accident involving Cedric Tyson and Lundgren. Tyson filed a personal injury complaint against Wallen, as the representative of Lundgren’s estate. Wallen served the Proposal on Tyson, offering to settle the case for $12,000. The Proposal contained the following terms pertaining to a release of liability:
1. This Proposal is an offer to settle all claims of Plaintiff CEDRIC TYSON against Defendant JANICE E. WAL-LEN, as Personal Representative of the Estate of Decedent John Lundgren, in the above-captioned lawsuit arising from the incident that occurred on or about September 20, 2010.
2. The conditions of this Proposal are:
a. Plaintiff CEDRIC TYSON shall execute a full and complete release as to all claims against Defendant JANICE E. WALLEN, as Personal Representative of the Estate of Decedent John Lundgren. (A release that is approved by Defendant is attached to this proposal for settlement. Defendant is willing to consider any suggested changes to the release.);
b. Plaintiff CEDRIC TYSON shall stipulate to the entry of a voluntary dismissal with prejudice of all claims against JANICE E. WALLEN, as Personal Representative of the Estate of Decedent John Lundgren in the above-captioned lawsuit arising from the incident that occurred on or about September 20, 2010.
c. This Proposal includes all attorneys’ fees, taxable costs, and liens, if any, connected with Plaintiffs claims and allegations.
3. The total amount Defendant [Wal-len] offers to resolve all claims that Plaintiff [Tyson], has or may have against them arising out of the incident ... is Twelve Thousand Dollars ($12,- *1060 000), inclusive of attorney’s fees and costs, as well as any liens.
(emphasis omitted). Wallen attached a Complete Release and Indemnity Agreement (the “Release”) to the Proposal. The Release provided that Tyson would “expressly release” Wallen
from any and all claims, demands, damages, actions, causes of action or lawsuits of any kind or nature whatsoever for damages for bodily injury, wrongful death, consortium, negligence in any form whatsoever, including, but not limited to, any and all claims for compensatory damages, punitive damages, attorney’s fees, costs, or any other damages to which [Tyson] may be entitled relating to that incident on or about September 20, 2010, as described in the Complaint filed in St. Johns County, Florida, Case Number 11-1847.
The Release contained terms specifically noting that it was “not a general release” and specifically notifying Tyson that he “reserves the right to pursue and recover all unpaid damages from any person,” with the exception of Wallen. The Release reiterated the extent of Tyson’s release, stating that by signing, he
acknowledges that he understands that the injuries sustained in the incident may worsen or cause other physical conditions and that he accepts the terms of this settlement for the purpose of making a full and final compromise, adjustment and settlement of any and all claims, disputed or otherwise, on account of any and all injuries or damages, and for the express purpose of precluding forever any further or additional claims arising out of the above-described incident as against [Wallen].
Tyson did not respond to the Proposal. At trial, a jury returned a $13,000 verdict in favor of Tyson. Wallen moved for set-off, and the trial court reduced the award to $3,766.85 as a result of payments Tyson received from his insurance provider, thus rendering Tyson liable for Wallen’s attorney’s fees and costs under the terms of the Proposal and section 768.79, Florida Statutes (2013).
Tyson moved to strike the Proposal, outlining four alleged deficiencies: (1) the language, “Defendant is willing to consider any suggested changes,” rendered the non-monetary terms of the Proposal unenforceable because Wallen could simply reject any “suggested” changes; (2) the offer to settle “all claims” was vague and ambiguous because no claims were specified; (3) the reference to “taxable costs, and liens, if any” was vague and ambiguous; and (4) the offer to settle for $12,000, “inclusive of attorney’s fees and costs, as well as any liens,” was vague and ambiguous.
The trial court initially ruled, during a March 13, 2014 hearing, that the Proposal was not ambiguous and was enforceable. However, on April 2, 2014, the trial court reversed its ruling and entered the order striking the Proposal, concluding “that the condition in the Proposal regarding the release is ambiguous, and thus, the Proposal is unenforceable.” The trial court reasoned that by “[attaching a release to the Proposal ..., then adding language- in the Proposal that ‘Defendant is willing to consider any suggested changes to [the] release,’ ” Wallen failed to advise Tyson about “any of the release terms.” The trial court opined that Tyson “did not clearly know what he would have been releasing had he accepted the Proposal,” but did not specifically address the other arguments raised in Tyson’s motion to strike. This appeal followed.[1]
*1061 The standard of review in determining whether a proposal for settlement is ambiguous is de novo. Nationwide Mut. Fire Ins. Co. v. Pollinger, 42 So.3d 890, 891 (Fla. 4th DCA 2010). The requirements for a valid proposal for settlement are set forth in section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442. The offer of judgment statute and rule must be strictly construed, as they are in derogation of the common law rale that each party pay its own attorney’s fees. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So.2d 276, 278 (Fla.2003).
Alamo Fin., L.P. v. Mazoff, 112 So.3d 626, 628 (Fla. 4th DCA 2013).
We first distinguish the instant situation from the three cases—Mix v. Adventist Health System/Sunbelt, Inc., 67 So.3d 289 (Fla. 5th DCA 2011), Dryden v. Pedemonti, 910 So.2d 854 (Fla. 5th DCA 2005), and Nichols v. State Farm Mutual, 851 So.2d 742 (Fla. 5th DCA 2003) — on which the trial court relied when striking the Proposal. In Mix, we concluded that a proposal for settlement was ambiguous where neither a proposed release nor a “summary of the contents of the release[ ]” were included with the proposal. 67 So.3d at 292. Here, the detailéd Release was attached to the Proposal. In both Dryden and Nichols, we found ambiguity in the summaries of the general releases — included within the proposals for settlement — with regard to the question of whether the proposed general releases would extinguish the non-proposing parties’ rights to pursue actions against third parties. Dryden, 910 So.2d at 856; Nichols, 851 So.2d at 746-47. Here, the Release specifically limited Tyson’s release to his claims against Wallen, arising out of the specific automobile accident, in the specifically styled case.
Generally, proposals for settlement are unenforceable only where an existing ambiguity “creates a necessity for interpretation or a choice among two or more possible meanings” — rather than potential ambiguities that might occur in future revisions of the proposals. Saenz v. Campos, 967 So.2d 1114, 1117 (Fla. 4th DCA 2007) (finding ambiguity in a proposal for settlement where one paragraph of the proposal purported to resolve “all claims” while another paragraph limited the resolution to “the claims raised in the suit”). Several recent cases held that proposals constituted specific and' enforceable proposals for settlement even where the proposals contained language allowing the non-offering party to suggest modifications to the attached releases. No case suggests that the mere offer to negotiate terms of an otherwise-acceptable settlement proposal — or an attached general release — renders the proposal unenforceably vague. In Hanson v. Maxfield, 23 So.3d *1062 736, 788 (Fla. 1st DCA 2009), the first district found an enforceable proposal where the offering party included the following modification language:
Finally, enclosed please find Releases to be executed by your clients, Darin Edward Bryan and Jamie Maxfield, solely releasing Cecil, Rebecca and Samuel Hanson.... The form of this Release was largely drafted by the attorneys representing the Hansons, and it has been approved for use by them. I recognize that you may feel the form is not acceptable to your client. Please be assured that both the attorney representing the Hansons and I will be willing to discuss proposed changes, and will work with you to arrive at a form agreeable to all. Unilateral changes to the release form are not acceptable.
(emphasis added). In Alamo Financing, L.P., the fourth district found an unambiguous and enforceable proposal where the proposal included the following language:
Plaintiff shall execute a general release of the Defendant, ALAMO FINANCING, L.P., in the form general release attached as Exhibit “A”. If no release is attached or Plaintiff objects to the form of the release in Exhibit “A”, then a general release to effectuate a settlement as contemplated by Erhardt v. Duff, 729 So.2d 529 (Fla. 4th DCA 1999).
112 So.3d at 627 (emphasis added). In Mercury Insurance Co. of Florida v. Fonseca, 3 So.3d 415, 416 (Fla. 3d DCA 2009), the third district found an enforceable proposal where the proposal stated: “Also enclosed is a proposed settlement release which is not intended to be a final instrument until you have approved. If you should require any changes or additions, please advise. Otherwise, please see that [Fonseca] executes the release.... ”
Here, the only reason for striking the Proposal provided in the trial court’s order was that Wallen offered to consider any changes Tyson suggested for the release. None of the cases cited by the trial court or by Tyson on appeal suggest that the terms of the instant Proposal or Release were so overly broad, vague, or ambiguous as to render the Proposal unenforceable. We find no precedent sufficient to discourage a proposing party from offering to negotiate the terms of a proposed settlement or release. Accordingly, we reverse the trial court’s order striking Wallen’s Proposal and remand for further proceedings.
REVERSED and REMANDED with INSTRUCTIONS.
COHEN and LAMBERT, JJ., concur.

. Before filing the instant appeal, Wallen filed a motion for rehearing of the trial court’s *1061 order striking her Proposal. However, Wal-len abandoned the pending motion for rehearing by filing the notice of appeal. See Brumlik v. Catalyst, Inc., 463 So.2d 240, 241 (Fla. 5th DCA 1984); GEICO Gen. Ins. Co. v. Williams, 111 So.3d 240, 243 (Fla. 4th DCA 2013). Since Wallen filed this appeal, Florida Rule of Appellate Procedure 9.020(i)(3) has been amended to eliminate the language requiring pending motions be deemed abandoned. In re Amendments to Florida Rules of Appellate Procedure, — So.3d — —, 2014 WL 5714099, 39 Fla. L. Weekly S665 (Fla. Nov. 6, 2014) (eff. Jan 1, 2015). The previous language, which has since been removed, provided that “all motions filed by the appealing party that are pending at the time shall be deemed abandoned, and the final order shall be deemed rendered by the filing of the notice of appeal as to all claims between parties who then have no such motions pending between them.” Now, rale 9.020(f)(3) requires that “the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion.” (emphasis added). As such, our treatment in this case by deeming the motion for rehearing abandoned is limited in applicability.