DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEIDI CHRISTAKIS,**
Appellant,

v.

**TIVOLI TERRACE, LLC,**
Appellee.

No. 4D14-3378

[January 6, 2016]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Gates, Judge; L.T. Case No. 12-017744 (12).

Marcus J. Susen and Justin R. Parafinczuk of Koch Parafinczuk & Wolf, P.A., for appellant.

Julie Bork Glassman and Eduardo Cosio of Cosio Law Group, Coral Gables, for appellee.

PER CURIAM.

We reverse the judgment notwithstanding the verdict entered in this negligence case involving the appellant's fall on stairs. A directed verdict is not appropriate in cases where there is conflicting evidence as to causation. *Sanders v. ERP Operating Ltd. P'ship*, 157 So. 3d 273 (Fla. 2015). In this case, there was conflicting evidence as to causation, as the appellant showed that the steps on which she fell were in disrepair. Although she could not testify as to exactly what made her fall, the evidence presented by both the expert and the photos of the steps showed their damaged condition. Thus, this case is factually almost identical to *Roach v. Raubar,* 362 So. 2d 84 (Fla. 3d DCA 1978). There, the plaintiff also did not know why she fell, but photos showed that the step upon which she fell was damaged. Thus, the court concluded that the plaintiff was not building inference upon inference because the damage to the step was established:

> [T]he defective condition of the step was not a presumption but must be regarded as a fact from the photographic evidence and plaintiff's testimony. Under the circumstances of this

case, the jury would be entitled to find that the plaintiff's fall was occasioned by the defective condition inasmuch as the evidence shows that the fall occurred at the time and place where the defective condition existed.

*Id.* at 85. The same result is required in this case. The court erred in entering judgment notwithstanding the verdict.

*Reversed and remanded for entry of a judgment upon the jury verdict.*

WARNER, MAY, JJ., and GILLEN, JEFFREY DANA, Associate Judge, concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**