Forst, J.
tiThis case comes to us for the second time on appeal. In its first appearance, we reversed the trial court’s judgment notwithstanding the verdict, -holding that there was conflicting evidence as to the cause of Appellant Heidi Christakis’s injuries. Christakis v. Tivoli Terrace, LLC, 181 So.3d 579, 579-80 (Fla. 4th DCA 2016). Importantly for present purposes, at no point during that prior appeal did Appellant make any suggestion to this Court *86 that there was any error in the jury’s award of damages; her sole argument was that the trial court erred in its determination regarding causation. In the instant appeal, Appellant argues that, in the proceedings following this Court’s remand, the trial court erred by denying her motion for new trial which was based on the claim that the jury erred in awarding her no damages for past pain and suffering. We need not comment on the merits of this claim, however, because we hold that Appellant abandoned her motion for new trial upon filing her first notice of appeal.
Background
Prior to Appellant’s first appeal, the jury had found that Appellee Tivoli Terrace, LLC, was 10% liable and Appellant was 90% liable for her negligence claim. The jury determined that Appellant had paid approximately $90,000 for past medical expenses, but suffered $0 worth of past pain damages. The trial court entered an order directing a verdict in favor of Appel-lee on the issue of negligence, finding that Appellee was not the cause of Appellant’s injuries at all. Appellant moved for reconsideration of this order and for a new trial on pain damages. The trial court denied Appellant’s motion for reconsideration of the directed verdict order, but never ruled on the motion for new trial on damages. Appellant filed an appeal in September 2014, generating the first case discussed above. Again, we emphasize that at no point during the first appeal was the issue of damages ever raised; the sole error presented to this Court was the issue of causation. Our opinion in the first appeal was released on January 6, 2016, reversing the trial court’s entry of ‘directed verdict and remanding “for entry of a judgment upon the jury verdict.” Christakis, 181 So.3d at 580. Following the release of that opinion, Appellant filed in the trial court a renewed motion for new trial on pain damages. The trial court denied that motion without explanation and entered a new final ' judgment in accordance with the jury’s original verdict. Appellant now appeals the denial of her renewed motion for new trial.
Analysis
On January 1, 2015, Florida Rule of Appellate Procedure 9.020(i)(3) was amended. Prior to that date, it read in relevant part “[i]f [a motion for new trial has] been filed and a notice of appeal is filed before the filing of a signed, written order disposing of all such motions, all motions filed by the appealing party that are pending at the time shall be deemed abandoned.” In re Amendments to Fla. Rules of Appellate Procedure, 183 So.3d 245, 249 (Fla. 2014) (emphasis added). The January 2015 amendment changed this rule to read “[i]f [a motion for new trial has] been filed and a notice of appeal is filed before the filing or a signed, written order disposing of all such motions, the appeal shall be held in abeyance until the filing of a signed, written order disposing of the last such motion.” Id. (emphasis added).
Although there is a presumption that a change in law has only prospective application, this presumption does not exist for “remedial” legislation. Arrow Air, Inc. v. Walsh, 645 So.2d 422, 424 (Fla. 1994). But legal changes that “accomplish!] a remedial purpose by creating substantive new rights” maintain the presumption of prospective application only. Id. (citing City of Lakeland v. Catinella, 129 So.2d 133, 136 (Fla. 1961)). Appellant’s argument that the amendment here did not grant her a new right is without merit. In September 2014, Appellant had abandoned her right to have her motion for new trial heard, and-instead had only the right to challenge the judgment on appeal. On January 1, 2015, per her argument, she *87 did have the right to have her motion for new trial heard. This would have been a new right, and therefore the presumption is that the amendment does not have retroactive effect, to apply to Appellant’s case.[1]
We therefore hold that the January 1, 2015' amendment to Florida Rule of Appellate Procedure 9,020(i)(3) does not have retroactive effect to undo the abandonment of a motion when the notice of appeal was filed before January 1, 2015. Appellant’s September 2014 notice of appeal abandoned her motion for new' trial, and her failure to raise the issue of damages in her 'first appeal waives her argument on that point. Our decision is in accord with an earlier opinion of this Court and at least two other District Courts of Appeal opinions, each stating in a footnote that the case was not controlled by the amended rule, as the rule was amended during the pendency of the appeal. See Johnson v. State, 154 So.3d 1184, 1186 n.1 (Fla. 4th DCA 2015); Wallen v. Tyson, 174 So.3d 1058, 1060 n.1 (Fla. 5th DCA 2015); Dep’t of Revenue v. Vanambwrg, 174 So.3d 640, 642 & n.1 (Fla. 1st DCA 2015).
Conclusion
The January 1, 2015 amendment to Rule 9.020(i)(3) does not have retroactive effect to revive a motion previously abandoned through the filing of a notice of appeal. We therefore affirm.

Affirmed.

Damoorgian and Gerber, JJ., concur. -

. We note that this opinion does, not address whether the amendment would have applied to Appellant’s case had her notice of appeal been filed after January 1, 2015. Neither the fact that the case was pending at the time of the amendment nor the fact that the motion itself was filed before the time of the amendment is dispositive here; our holding is because Appellant’s notice of appeal had been filed before the date of the amendment.