# Third District Court of Appeal
## State of Florida

Opinion filed August 24, 2022.
Not final until disposition of timely filed motion for rehearing.

————————————

No. 3D22-582
Lower Tribunal No. 20-21163

————————————

## Vital Pharmaceuticals, Inc., etc., et al.,
Appellants,

vs.

## Marc J. Kesten,
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Maria de Jesus Santovenia, Judge.

Cole, Scott & Kissane, P.A., and Scott A. Cole, for appellants.

Zarco Einhorn Salkowski & Brito, P.A., and Alejandro Brito; Lawrence J. Shapiro & Associates, P.A., and Lawrence J. Shapiro, for appellee.

Before LOGUE, HENDON and GORDO, JJ.

### ON MOTION TO DISMISS

GORDO, J.

Marc J. Kesten has moved to dismiss Vital Pharmaceuticals, Inc., d/b/a Bang Energy and John H. Owoc's ("Vital") appeal. Because the newly amended Florida Rule of Appellate Procedure 9.130(a)(3)(G) vests this Court with jurisdiction to consider the appeal, the motion is denied.

On March 10, 2022, the trial court entered an order granting Kesten's motion to amend his complaint to add a claim for punitive damages. On April 1, 2022, an amendment to rule 9.130 became effective allowing interlocutory appeal of nonfinal orders granting or denying leave to amend a complaint to assert a claim for punitive damages. See In re Amend. to Fla. Rule of App. Proc. 9.130, 47 Fla. L. Weekly S21 (Fla. Jan. 6, 2022). Vital filed its notice of appeal on April 4, 2022. Kesten contends this Court should dismiss the appeal because the trial court's order was entered prior to the effective date of the amendment.

At issue is whether the Court should look to the date of the order on appeal or date the notice of appeal was filed when considering whether an appeal is governed by the amended rule 9.130.

We begin by acknowledging the factual circumstances of this case present a unique situation that has not been addressed by any district court or the Florida Supreme Court. Pursuant to the Florida Constitution district courts of appeal "may review interlocutory orders." Art. V, § 4(b)(1), Fla.

2

Const.  The Florida Constitution grants the Florida Supreme Court the authority to adopt rules establishing which interlocutory orders a district court may review.  Art. V, § 4(b)(1), Fla. Const.  In January 2022, the Florida Supreme Court added 9.130(a)(3)(G) to the Florida Rules of Appellate Procedure in order to "authorize appeals of nonfinal orders that grant or deny a motion for leave to amend to assert a claim for punitive damages."  In re Amend. to Fla. Rule of App. Proc. 9.130, 47 Fla. L. Weekly S21 (Fla. Jan. 6, 2022).  The Florida Supreme Court noted the "amendment shall take effect on April 1, 2022, at 12:01 a.m."  Id.  Prior to the amendment, orders on leave to amend to add a claim for punitive damages were subject to certiorari review.  See Leon Med. Centers, Inc. v. Duran, 335 So. 3d 1226, 1226 (Fla. 3d DCA 2021).

There is a limited line of cases dealing with whether a matter is governed by a newly amended rule of appellate procedure.  While we acknowledge these cases begin their analysis by examining the effective date of the new amendment, we find them distinguishable because each simply found the new amendment did not apply because the appellate proceeding was not filed before the effective date of the new amendment.  See Sarasota Cnty. Pub. Hosp. Dist. v. Venice HMA, LLC, 325 So. 3d 334, 339 n.4 (Fla. 2d DCA 2021) (declining to apply the new version of rule

3

9.130(a)(3) because it was not in effect when the circuit court entered the order at issue or when the County filed its petition with the appellate court); Christakis v. Tivoli Terrace, LLC, 219 So. 3d 85, 87 (Fla. 4th DCA 2017) (holding "that the January 1, 2015 amendment to Florida Rule of Appellate Procedure 9.020(i)(3) does not have retroactive effect to undo the abandonment of a motion when the notice of appeal was filed before January 1, 2015."); Thomas v. Cilbe, Inc., 104 So. 2d 397, 399 (Fla. 2d DCA 1958) ("This appellate proceeding was brought prior to the effective date, July 1, 1957, of section 26(6), Article V of the Constitution of the State of Florida and of the Florida Appellate Rules effective under the same date. This appeal, therefore, is governed by the rules theretofore in effect.").  These cases do not "address whether the amendment would have applied to [the] Appellant's case" had the notice of appeal been filed after the amendment's effective date.  Christakis, 219 So. 3d at 87 n.1.  Here, because Vital filed its appeal after the effective date of the amendment, our analysis does not end as it did in this prior precedent.  We must now determine whether the newly amended rule 9.130 applies under the factual circumstances of Vital's case.

4

While there is no Florida case governing this precise situation, we find United States Supreme Court precedent instructive.[1]  The United States Supreme Court has regularly applied newly adopted rules and statutes "conferring or ousting jurisdiction, whether or not jurisdiction lay when the underlying conduct occurred or when the suit was filed."  Landgraf v. USI Film Products, 511 U.S. 244, 274 (1994).  The Supreme Court held present law should govern "in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'"  Id. (quoting Republic Nat. Bank of Miami v. United States, 506 U.S. 80, 100 (1992) (Thomas, J., concurring)); Landgraf, 511 U.S. 244 at 293 (Scalia, J., concurring) ("[T]he purpose of provisions conferring or eliminating jurisdiction is to permit or forbid the exercise of judicial power."); see also United States v. State of Ala., 362 U.S. 602, 604 (1960) ("Under familiar principles, the case must be decided on the basis of law now controlling.").

Kesten argues this amendment should be treated in the same manner as the recently adopted amendment to Florida Rule of Civil Procedure 1.510

---

[1] The United States Code provides the United States Courts of Appeals jurisdiction over interlocutory orders in an analogous manner to the relevant provisions of the Florida Constitution.  See 28 U.S.C. § 1292.  Similarly, "[t]he Supreme Court may prescribe rules . . . to provide for an appeal of an interlocutory decision to the courts of appeals that is not otherwise provided for under subsection (a), (b), (c), or (d)."  28 U.S.C.A. § 1292(e).

5

on summary judgment. The Florida Supreme Court stated the new rule, effective on May 31, 2021, "must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases." In re Amends. to Fla. Rule of Civ. Proc. 1.510, 317 So. 3d 72, 77 (Fla. 2021). As such, the new rule 1.510 did not apply "where the motion and hearing were held prior to the effective date of the rule amendment." Est. of Wolfe through Maass v. 224 Via Marila, LLC, 338 So. 3d 912, 915 n.1 (Fla. 4th DCA 2022).

While we acknowledge this precedent bears some similarity to the instant case, that amendment substantially altered the summary judgment standard and therefore impacted when a trial court could grant or deny summary judgment. See In re Amends. to Fla. Rule of Civ. Proc. 1.510, 309 So. 3d 192, 193 (Fla. 2020). Here, the application of the new jurisdictional rule does not alter or take away any substantive right—it merely alters whether an appellate court has jurisdiction to consider an appeal of a nonfinal order granting or denying leave to amend a complaint to assert a claim for punitive damages. See Landgraf, 511 U.S. at 274 ("Application of a new jurisdictional rule usually 'takes away no substantive right but simply changes the tribunal that is to hear the case.'" (quoting Hallowell v. Commons, 239 U.S. 506, 508 (1916))). The amendment to rule 9.130 does

6

not change the findings a trial court is required to make when entering such an order or take away any substantive right of the parties. The rule merely confers expanded jurisdiction upon the appellate courts. Accordingly, the Court should apply the present law and look to the date the appeal was filed when considering whether it has jurisdiction. As the appeal in this case was filed on April 4, 2022, three days after the amendment to rule 9.130 took effect, the Court has jurisdiction pursuant to rule 9.130(a)(3)(G).

Motion to dismiss denied.

7

Vital Pharmaceuticals v. Kesten
Case No. 3D22-582

LOGUE, J., concurring

I concur in the holding that the determination whether an appellate proceeding is within the effective date of the 2022 amendment creating subsection (G) of Rule 9.130(a)(3) focuses not on when the order being reviewed was rendered but on when the appellate proceeding commenced. The majority reaches this result with an insightful analogy to federal law. I write only to point out that this result is also well supported by Florida law.

In the case before us, the Appellant seeks review of an order allowing a plaintiff to claim punitive damages. The order was rendered on March 10, 2022. An amendment to the rule of appellate procedure that expanded the jurisdiction of the district courts to hear appeals from such non-final orders became effective on April 1, 2022, after the order was entered. The Appellant filed its notice of appeal on April 4, 2022, after the amendment to the rule became effective. Appellee moved to dismiss the appeal as unauthorized because the trial court order was rendered prior to the effective date of the amendment.

At issue is the January 6, 2022 amendment to Rule 9.130 that expanded the jurisdiction of the district courts to allow them to hear appeals of nonfinal orders that "grant or deny a motion for leave to amend to assert

8

a claim for punitive damages." <u>In re Amend. to Fla. Rule of App. Proc. 9.130</u>, No. SC21-129, 2022 WL 57943, at *1 (Fla. Jan. 6, 2022) (creating subsection (G) of rule App. P. 9.130(a)(3)). The new amendment, the Supreme Court stated, "shall take effect on April 1, 2022, at 12:01 a.m." <u>Id.</u> The Court did not address whether the effective date applied to the date of the rendition of the order in the trial court or to the commencement of the appellate proceeding.

In moving to dismiss this appeal, Appellee argues that the "effective date" analysis should begin from the date the order being reviewed was rendered in the trial court. In support, the Appellee cites cases like <u>Estate of Wolfe through Maass v. 224 Via Marila, LLC</u>, 338 So. 3d 912, 915 n.1 ("The new rule on summary judgment does not apply here where the motion and hearing were held prior to the effective date of the rule amendment, May 31, 2021."). I find these cases distinguishable for two reasons.

First, the principle involved turned on express language by the Supreme Court: "New rule 1.510 [of the rules of civil procedure] takes effect on May 1, 2021. This means that the new rule must govern the adjudication of any summary judgment motion decided on or after that date, including in pending cases." <u>In re Amends. to Fla. Rule of Civ. Proc. 1.510</u>, 317 So. 3d 72, 77 (Fla. 2021)). There is no such express language regarding the rule change at issue here.

9

Second, the case cited by the Appellee concerned an amendment to the rules of civil procedure, which obviously govern trial courts. It makes sense that the effective date analysis concerning an amendment to the rules of civil procedure focuses on actions in the trial court. But by that same reasoning, because this case concerns an amendment to the rules of appellate procedure, the focus should be on actions involving the appeal.

And, indeed, two cases support this approach. See Foxcroft Bldg. Corp. v. Allied Plastering Co., 367 So. 2d 694, 694 (Fla. 4th DCA 1979) ("Because this appeal was filed after March 1, 1978 the Florida Rules of Appellate Procedure which became effective on that date are applicable."); Fla. Power Corp. v. Griffin, 150 So. 2d 270, 272 (Fla. 2d DCA 1963) (applying amendment to old Florida Rule of Appellate Procedure 4.2(a) to appellate proceeding filed after the effective date of the amendment).

I also think this result is supported by analogizing to the effective date of the rules of appellate procedure themselves. When the Supreme Court initially adopted the Rules of Appellate Procedure, the Court provided an effective date of March 1, 1978 and indicated that the rules governed "all proceedings commenced on or after that date in the supreme court, the district courts of appeal, and the circuit courts in the exercise of the jurisdiction [to review lower court proceedings]." Fla. R. App. P. 9.010. The

10

Court further provided "that any appellate proceeding commenced before March 1, 1978, shall continue to its conclusion in the court in which it is then pending." In the absence of instructions from the Supreme Court to the contrary, I would apply Rule 9.010's focus of the "effective date" analysis on the date of the commencement of the appellate proceeding.

On a final note, this conclusion is also generally supported by the line of cases holding that a matter does not come within the effective date of an amendment to the rules of appellate procedure when the appellate proceeding is filed before the effective date. These cases also looked to the date the appellate proceeding commenced. Christakis v. Tivoli Terrace, LLC, 219 So. 3d 85, 87 (Fla. 4th DCA 2017) (declining to apply amendment to appellate rule where notice of appeal was filed before the effective date); Wallen v. Tyson, 174 So. 3d 1058, 1060 (Fla. 5th DCA 2015) (declining to apply amendments to Florida Rule of Appellate Procedure 9.020(i)(3) to case filed before effective date); Strauser v. State, 360 So. 2d 113, 114 (Fla. 4th DCA 1978) (declining to apply amendments to appellate rules where notice of appeal was filed before the effective date); Thomas v. Cilbe, Inc., 104 So. 2d 397, 399 (Fla. 2d DCA 1958) ("This appellate proceeding was brought prior to the effective date, July 1, 1957, of section 26(6), Article V of the Constitution of the State of Florida and of the Florida Appellate

11

Rules effective under the same date. This appeal, therefore, is governed by the rules theretofore in effect.").

For the reasons stated in the majority opinion and for these additional reasons, I concur.