# Third District Court of Appeal

## State of Florida

Opinion filed March 22, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0253
Lower Tribunal No. 17-29664
_____

**Federal Express Corporation,**
Petitioner,

vs.

**Gadith Sabbah, etc., et al.,**
Respondents.

On Petition for Writ of Certiorari from the Circuit Court for Miami-Dade County, Carlos Guzman, Judge.

Frank A. Shepherd, P.A., and Frank A. Shepherd; GrayRobinson, P.A., and Juan C. Martinez, and Veronica A. Meza; Wicker Smith O'Hara McCoy & Ford, P.A., and Jacob J. Liro; Murray, Morin & Herman, P.A., and David P. Herman, and Rollin M. Smith , for petitioner.

Leonard Feuer, P.A., and Leonard S. Feuer (West Palm Beach); Alton C. Hale, Jr., P.A. and Alton C. Hale, Jr. (West Palm Beach), for respondent Gadith Sabbah.

Before LINDSEY, HENDON, and GORDO, JJ.

LINDSEY, J.

Petitioner (Defendant below) Federal Express Corporation seeks certiorari review or, in the alternative, an appeal from an order granting Respondent (Plaintiff below) Gadith Sabbah's motion for leave to amend to assert punitive damages. For the reasons set forth below, we are compelled to deny the Petition.

As an initial matter, we must determine whether this is a non-final appeal pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(G). In January 2022, the Florida Supreme Court amended Rule 9.130(a)(3)(G) to authorize interlocutory appeals from non-final orders granting or denying leave to amend a complaint to assert a claim for punitive damages. In re Amendment to Fla. R. App. P. 9.130, 345 So. 3d 725 (Fla. 2022). "Previously, certiorari review was the sole avenue for determining whether the procedural requirements of the statute governing the pleading of punitive damages claims had been followed." Cleveland Clinic Fla. Health Sys. Nonprofit Corp. v. Oriolo for Estate of Sasso, 48 Fla. L. Weekly D203 n.1 (Fla. 4th DCA Jan. 25, 2023).[1] Importantly, "[t]he amendment shall take

---

[1] In Cleveland Clinic, the Fourth District reviewed a non-final order granting leave to amend to assert punitive damages as a non-final appeal pursuant to Rule 9.130(a)(3)(G). Under the appellate standard, the Fourth District reviewed de novo whether the "plaintiff made a 'reasonable showing' under section 768.72 to recover punitive damages." Id. The lower court docket

2

effect on April 1, 2022, at 12:01 a.m." Id. at 726. The order under review was rendered on January 7, 2022, before the Rule's effective date. On February 7, 2022, Federal Express filed its Petition for Writ of Certiorari, also before the effective date.

Because the standard and scope of review is potentially dispositive in this case, we ordered supplemental briefing. Federal Express contends the trial court's order is an appealable, non-final order. Sabbah argues the order should be reviewed under the certiorari standard. Both parties agree that should this Court decide to review the order as an appealable, non-final order, they should be permitted to file amended briefs. As set forth below, controlling case law requires this Court to review the order under the certiorari standard because the Petition was filed before the Rule's effective date.

This Court recently issued an opinion on a motion to dismiss involving the effective date of Rule 9.130(a)(3)(G). See Vital Pharm., Inc. v. Kesten, 47 Fla. L. Weekly D1783 (Fla. 3d DCA Aug. 24, 2022). In Vital, the issue was "whether the Court should look to the date of the order on appeal or date the notice of appeal was filed when considering whether an appeal is

reflects that the notice of appeal in Cleveland Clinic was filed on May 20, 2022, *after* Rule 9.130(a)(3)(G)'s effective date.

3

governed by the amended rule 9.130." Id. at D1783. Vital cited a handful of cases dealing with the effective date of newly amended rules of appellate procedure. Generally, these cases hold that a newly amended rule does not apply when the appellate proceeding is initiated *before* the effective date of an amended rule. Id. at D1784.

For example, in Sarasota County Public Hospital District v. Venice HMA, LLC, 325 So. 3d 334 (Fla. 2d DCA 2021), the Second District declined to review an order denying a motion asserting entitlement to sovereign immunity as a non-final, appealable order pursuant to the recently amended Rule 9.130(a)(3). The court determined it was "constrained to view the County's challenge through an extraordinary writ because the version of rule 9.130(a)(3) *in effect when the circuit court entered the subject order and the County filed its petition* only authorized appeals of nonfinal orders that determined 'as a matter of law, a party is not entitled to sovereign immunity.'" Id. at 339 n.4 (emphasis added). Similarly, in Christakis v. Tivoli Terrace, LLC, 219 So. 3d 85 (Fla. 4th DCA 2017), the Fourth District held that an amendment to Rule 9.020(i)(3), which required an appeal to be held in abeyance if there was a pending motion for new trial, did not apply because the notice of appeal was filed before the Rule's effective date.

4

As further explained in Judge Logue's concurring opinion in <u>Vital</u>, Florida law firmly supports the premise that the commencement date of the appellate proceeding determines whether the appellate proceeding is within the effective date of a newly amended rule of appellate procedure. <u>Id.</u> at D1784-85 (Logue, J., concurring) (citing <u>Foxcroft Bldg. Corp. v. Allied Plastering Co.</u>, 367 So. 2d 694, 694 (Fla. 4th DCA 1979) ("Because this appeal was filed after March 1, 1978 the Florida Rules of Appellate Procedure which became effective on that date are applicable."); <u>Fla. Power Corp. v. Griffin</u>, 150 So. 2d 270, 272 (Fla. 2d DCA 1963) (applying amendment to old Florida Rule of Appellate Procedure 4.2(a) to appellate proceeding filed after the effective date of the amendment); Fla. R. App. P. 9.010 ("These rules . . . shall take effect at 12:01 a.m. on March 1, 1978. They shall govern all proceedings commenced on or after that date . . . ."); <u>Christakis</u>, 219 So. 3d at 87 (declining to apply amendment to appellate rule where notice of appeal was filed before the effective date); <u>Wallen v. Tyson</u>, 174 So. 3d 1058, 1060 (Fla. 5th DCA 2015) (declining to apply amendments to Florida Rule of Appellate Procedure 9.020(i)(3) to case filed before effective date); <u>Strauser v. State</u>, 360 So. 2d 113, 114 (Fla. 4th DCA 1978) (declining to apply amendments to appellate rules where notice of appeal was filed before the effective date); <u>Thomas v. Cilbe, Inc.</u>, 104 So. 2d 397,

5

399 (Fla. 2d DCA 1958) ("This appellate proceeding was brought prior to the effective date, July 1, 1957, of section 26(6), Article V of the Constitution of the State of Florida and of the Florida Appellate Rules effective under the same date. This appeal, therefore, is governed by the rules theretofore in effect.")).

Thus, given the foregoing, we consider the instant Petition under the certiorari standard because it was filed in this Court before Rule 9.130(a)(3)(G)'s effective date. We have certiorari jurisdiction to review an order granting a motion to amend to assert punitive damages. See, e.g., Globe Newspaper Co. v. King, 658 So. 2d 518, 519 (Fla. 1995). However, our review is limited to "whether a trial judge has conformed with the procedural requirements of section 768.72[.]" Id. We cannot "review a determination that there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." Id.

Here, the trial court complied with the procedural requirements of the statute. Therefore, based on the narrow standard and scope of certiorari review, we must deny the Petition.[2]

---

[2] Our determination that Federal Express cannot appeal the trial court's interlocutory order pursuant to Rule 9.130(a)(3)(G) does not foreclose the possibility of appellate review of the order upon entry of a final judgment.

6

Petition denied.

---

See Fla. R. App. P. 9.110(h); Saul v. Basse, 399 So. 2d 130, 133 (Fla. 2d DCA 1981) ("[a]n appeal from a final order calls up for review all necessary interlocutory steps leading to that final order, whether they were separately appealable or not.").

GORDO, J., concurring in result only.

I am compelled to concur in the majority's conclusion to review the order on appeal under the certiorari standard but write separately to express my concern that our current Florida jurisprudence requires us to qualify the plain language of rule amendments in a confusing and often unintelligible manner.

In amending Florida Rule of Appellate Procedure 9.130 to authorize appeals of nonfinal orders that grant or deny a motion for leave to amend to assert a claim for punitive damages, the Florida Supreme Court indicated "[t]he amendment shall take effect on April 1, 2022, at 12:01 a.m." In re Amend. to Fla. R. of App. Proc. 9.130, 345 So. 3d 725, 726 (Fla. 2022). The term "effect" is defined as "to bring about" and "the quality or state of being operative." See Webster's New Collegiate Dictionary 362 (1976). Thus, under the plain and ordinary meaning of the word effect, the new rule became operative on April 1, 2022. In my view, under its plain language, if the rule is operative prior to our consideration of a matter which only confers expanded jurisdiction it should apply here. "'[S]hall take effect upon enactment' is presumed to mean 'shall have prospective effect upon enactment' and that presumption is too strong to be overcome by any

negative inference derived" from conflicting jurisprudence. Landgraf v. USI Film Products, 511 U.S. 244, 288 (1994) (Scalia, J., concurring).

The Florida jurisprudence we are bound to follow, however, consistently qualifies the plain language of the rule amendment by trying to determine whether the rule should be applied prospectively or retroactively based on whether it is substantive or procedural in nature and then separately takes into account the procedural posture of the case.[3] See Mendez-Perez v. Perez-Perez, 656 So. 2d 458, 460 (Fla. 1995) (determining whether an amendment to a Florida Rule of Civil Procedure 1.540(b) "should be applied retroactively" based on the nature and "intended . . . purpose" of the amendment and the procedural posture of the case); Natkow v. Natkow, 696 So. 2d 315, 316–17 (Fla. 1997) (same); Kocsis v. State, 467 So. 2d 384, 385 (Fla. 5th DCA 1985) (noting that the amendment to Florida Rule of Criminal Procedure 3.390(a) "is procedural, and does not affect appellant's substantive rights"); Pellegrino By & Through Pellegrino v. Horwitz, 642 So. 2d 124, 126 (Fla. 4th DCA 1994) (declining to apply the newly amended Florida Rule of Appellate Procedure 9.110(k) where "[t]he amendment relates to timing of appeals and is not a substantive modification of the right

---

[3] An inordinate amount of time, judicial resources and legal expenses are incurred by parties litigating these issues every time there is a rule amendment.

9

to appeal"); <u>Smith v. Smith</u>, 902 So. 2d 859, 863 (Fla. 1st DCA 2005) ("Because the supreme court's adoption of Family Law Rule 12.525 occurred during the pendency of this appeal, and the rule is a procedural, rather than a substantive, change in the law, it applies to this case."). As our Florida Supreme Court has recently acknowledged, "[we have] been unclear about what it means to give retroactive application to procedural law." <u>Love v. State</u>, 286 So. 3d 177, 184 (Fla. 2019); <u>see also</u> <u>Caple v. Tuttle's Design-Build, Inc.</u>, 753 So. 2d 49, 53 (Fla. 2000) ("The distinction between substantive and procedural law is neither simple nor certain.").

Importantly, the Florida Supreme Court recently reinforced that "the 'commonsense' application of a new procedure generally 'depends on the posture of the particular case.'" <u>Id.</u> at 187 (quoting <u>Landgraf</u>, 511 U.S. at 275 n.29). In interpreting this, our district courts have reviewed the posture of the case by looking to the date the appeal was filed when considering whether a new amendment should apply to a pending case. Generally, district courts have not applied new rule amendments to cases that were filed before the effective date of new amendment regardless of whether they remained pending when the rule came into effect. <u>See</u> <u>Sarasota Cnty. Pub. Hosp. Dist. v. Venice HMA, LLC</u>, 325 So. 3d 334, 339 n.4 (Fla. 2d DCA 2021) ("We, however, are constrained to view the County's challenge through an

10

extraordinary writ because the version of rule 9.130(a)(3) in effect when the circuit court entered the subject order and the County filed its petition only authorized appeals of nonfinal orders that determined 'as a matter of law, a party is not entitled to sovereign immunity.'"); Strauser v. State, 360 So. 2d 113, 114 (Fla. 4th DCA 1978) (declining to apply the new Florida Rules of Appellate Procedure as the "petition was filed before the effective date of the new appellate rules"); Christakis v. Tivoli Terrace, LLC, 219 So. 3d 85, 87 (Fla. 4th DCA 2017) ("We therefore hold that the January 1, 2015 amendment to Florida Rule of Appellate Procedure 9.020(i)(3) does not have retroactive effect to undo the abandonment of a motion when the notice of appeal was filed before January 1, 2015.").

Petitioner cites us to Pearlstein v. King, 610 So. 2d 445, 446 (Fla. 1992), for the proposition that application of the amended rule in this case constitutes a prospective application. A careful review of Pearlstein, however, demonstrates the trial court order, the filing of the appeal and the appellate court's consideration of the matter all occurred after the amendment took effect.[4] It therefore provides us no guidance in this matter.

---

[4] The amendment's effective date was January 1, 1989. See Pearlstein, 610 So. 2d at 446. The trial court order at issue was entered eleven months after this effective date on December 28, 1990. Undoubtedly, the invocation of the appellate court's jurisdiction and consideration were well after the amendment became operative.

11

Our Court recently issued Vital Pharm., Inc. v. Kesten, 47 Fla. L. Weekly D1783 (Fla. 3d DCA Aug. 24, 2022), which both parties ask us to apply to reach opposite conclusions. In Kesten the very limited issue presented to us by the parties on appeal was whether rule 9.130(a)(3)(G) applied where the filing of the notice of appeal occurred after the amendment to the rule took effect. While our holding included the date of filing, much of the analysis centered on Landgraf's premise that present law should govern when considering application of newly adopted rules conferring jurisdiction "because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" Landgraf, 511 U.S. at 274 (quoting Republic Nat'l Bank of Miami v. United States, 506 U.S. 80, 100 (1992) (Thomas, J., concurring)); see also Landgraf, 511 U.S. 244 at 293 (Scalia, J., concurring) ("[T]he purpose of provisions conferring or eliminating jurisdiction is to permit or forbid the exercise of judicial power."); United States v. State of Ala., 362 U.S. 602, 604 (1960) ("Under familiar principles, the case must be decided on the basis of law now controlling."). Therefore, while the date of filing was salient in Kesten, it does not necessarily govern all future application of rule amendments.

Federal Express argues that since this Court "has already held that the appropriate method to review at least some orders rendered in the past that

12

have granted or denied a motion to amend a complaint to add a punitive damage claim that are presently pending in this Court is to review them as non-final orders under to Rule 9.130(a)(3)(G)," there is "no principled reason" why the Court should not do so in this case. Given the plain language of the rule amendment, I would agree if not restrained to follow the current Florida jurisprudence. The bulk of our jurisprudence discusses the absence of the Florida Supreme Court's language that the rule amendment should apply to pending cases on or after the rule's effective date. See Betts v. Ace Cash Express, Inc., 863 So. 2d 1252, 1254 (Fla. 5th DCA 2004) (noting that when the Florida Supreme Court "chooses to apply a rule to pending cases, it clearly indicates that intention"); Johnson v. Precision Motorcars, Inc., 970 So. 2d 493, 494 (Fla. 2d DCA 2007) (declining to apply a new amendment "[b]ecause nothing in the supreme court's decision adopting the new guidelines indicates that the supreme court intended that the new guidelines be imposed retroactively"); Natkow, 696 So. 2d at 317 (declining to apply a new rule amendment to a pending case because the amendment did not include "language creating such a retroactive window period"). That logic seems flawed where the plain language of the rule amendment states it "shall take effect" on a specific date. To me, the exclusion of any qualifying words to this language ought to mean the rule applies to all cases filed on, after or

13

currently pending on the rule's effective date.[5] As demonstrated by this case, predictability in application of newly amended rules and statutes remains elusive—if not imprecise under our current precedent. As I am constitutionally bound to follow it, however, I join my colleagues in concurring to review the order on appeal under the certiorari standard.

---

[5] I recognize that there are times the Florida Supreme Court does not want to give more specific guidance in the rule so as to not foreclose legal challenges effecting its application.